*Orth* and *Stein*, for the appellant.

*Huff* and *Jones*, for the appellees.

---

## WHEELER *v.* RUSTON and Another.

This action was instituted for the recovery of the possession of a lot, the plaintiff claiming title under a deed from one of the defendants, which is shown, by the pleadings, to have been, in legal effect, only a mortgage; but the points decided by the Court relate to

Wheeler v. Ruston and Another.

the sufficiency of pleadings, and can not be much more briefly· stated than by a repetition of the entire opinion, and the reader is therefore referred for them, to the opinion at length.

APPEAL from the *Vanderburgh* Circuit Court.

DAVISON, J.— *Wheeler*, who was the plaintiff, brought this action against *Ruston*, to recover the possession of a lot of ground in the city of *Evansville*. The complaint is in the statutory form, *Catherine Allen* having appeared, and made known to the Court, by petition, that she was the owner, in fee simple, of the premises described in the complaint, was admitted a defendant, and thereupon she answered. Her answer alleges, substantially, these facts: In the year 1852, the defendant, having the sum of five hundred dollars, desired to purchase a small lot of ground in *Evansville*, and employed the plaintiff, who was a real-estate agent, to make a purchase for her. In the spring of that year, they went in person, and examined the lot now in controversy, which was owned by persons residing in *New York*, and which the plaintiff, as their agent, had for sale. He represented to her that the lot could be purchased for two hundred dollars, and that he could have a small house built thereon for three hundred dollars, and upon these representations the defendant employed the plaintiff to purchase the lot and build such house. On the 1st of June, in the same year, she advanced to him five hundred dollars, with the understanding that he, as her agent, should lay out the same, in the manner and for the purpose above stated. Afterward, on the 30th of July, 1852, the plaintiff procured for her a deed, in fee simple, for the lot, which is duly recorded, etc. The house was completed, and the defendant took possession of the premises, in the autumn of 1852, and she has continued in possession until the present time.

On the 3d of May, 1853, the plaintiff, under the pretense of having advanced a considerable amount of money, beyond

the sum of five hundred dollars, in paying for the lot and building the house, applied to the defendant, through one *William Hubbell*, for a deed, conveying to the plaintiff the premises, to secure the sums of money said to have been advanced, by him, as aforesaid. This the defendant refused, but proposed to execute to him a mortgage, to be held as such security; but *Hubbell*, who was well acquainted with business of that kind, represented that a deed would be cheaper, and that the plaintiff would, immediately, execute to the defendant an instrument, showing the intention of the parties, in making such conveyance, to be, that it was to operate as a mortgage; and defendant, being ignorant of the effect of such conveyance, and trusting in the representations of *Hubbell*, on said last-named day, executed to the plaintiff a deed, in fee simple, for the premises sued for in this action. It is averred, that said deed was executed by her, with the express understanding and agreement, that the same was to have the effect of a mortgage, to secure the plaintiff in the repayment of such sums of money as he had advanced, beyond the sum of five hundred dollars, as aforesaid, and that the plaintiff never executed to the defendant the instrument to explain the effect of said deed, by showing that it was to have the effect of a mortgage only. But he now claims the same to be an absolute conveyance, etc.

The plaintiff demurred to this answer; but the demurrer was overruled; and he, thereupon, replied thus: He denies that he represented the lot for sale at two hundred dollars, but avers, that he informed the defendant that the price of it was four hundred dollars. He paid that amount for the lot. The house and improvements erected thereon, were erected by the plaintiff, according to the instructions of the defendant, and he paid therefor four hundred dollars. The five hundred dollars, referred to in the answer, was, at the time of the negotiations, for the purchase of said lot, and

the building of said house, in the hands of said *Hubbell*, who was the friend and adviser of the defendant; and at the time the contract for such purchase and building was made, the terms upon which it was made, and upon which the five hundred dollars was advanced, were settled upon by plaintiff and *Hubbell*, with the assent of the defendant, and were reduced to writing, which writing was signed by the plaintiff, and by *Hubbell*, as agent for the defendant, and is as follows:

"I have this day, July 30, '52, pd. to *H. Q. Wheeler* five hundred dollars, the rec't of which is hereby acknowledged. The conditions of which payment are as follows:

"*H. Q. Wheeler* is building a house in *Evansville, Ind.*, for the use and occupancy of *Mrs. C. Allen*, to cost, house and lot, about eight hundred dollars, and for which she is to pay said *Wheeler*, as rent, ten per cent. upon its cost, and has the privilege to occupy the same so long as she may desire. This occupancy to be for herself and child, and no others, except those who may be connected with her in her business, and while she remains a widow.

"For the five hundred dollars now paid, *Mr. Wheeler* agrees to allow to *Mrs. Allen*, on account of rent, ten per cent. per annum, and will allow the same rate of interest for any further sum she may place in his hands, not exceeding the cost of the said premises. Should *Mrs. Allen* at any time pay to *Mr. Wheeler* the said eight hundred dollars, more or less, and a reasonable charge for his services and disbursement in this behalf, she may become the owner of the said property, provided it shall be for her own use and benefit; but *Mr. Wheeler* will not surrender his (mortgage to be given by *Mrs. Allen*) for the benefit of any other person. *Mr. Wheeler* will repay to *Mrs. Allen*, at such times as she may demand, a part or all of the sum now paid him, and whereon the sum now paid, shall be repaid to *Mrs. Allen*.

---

---

*Mr. Wheeler* shall be the owner of the property. This arrangement is made for the benefit of *Mrs. Allen,* and shall be construed liberally.

" *W. Hubbell,* one of the signers of this agreement, acts in the matter for *Mrs. Allen,* and all subsequent negotiations upon this matter shall be with said *Hubbell.*

"In witness whereof, we have hereunto subscribed our names, this 30th day of July, 1852.          W. Hubbell,

"H. Q. Wheeler."

In pursuance of the stipulations of the above agreement, the plaintiff, from time to time, upon the request of the defendant, paid to her all of said five hundred dollars, and all interest thereon, and she, the defendant, has long since ceased to occupy the aforesaid house and lot, but the same is now in the occupation of her tenants; and he avers that, prior to the commencement of this suit, he demanded possession of said premises, and also offered to convey them to the defendant, upon repayment of the money advanced by him for the purchase of the lot, and the erection of the house, but the defendant refused so to refund the money, or surrender up possession, etc.

The defendant demurred to the reply. The demurrer was sustained, and final judgment rendered, etc.

The facts alleged in the answer, at once show, that the deed executed by the defendant was, in point of law, a mortgage only, and being so, it constituted an effective bar to the action; because she had a right to possess the property until, as a mortgage, it was foreclosed. Hence, the only question to settle is, does the reply sufficiently avoid the answer? As we have seen, the written contract, which the reply sets up, was entered into, and was in existence, anterior to the date of the mortgage, and we must, therefore, presume that the parties did not intend these instruments to be in conflict with each other, and that being the case,

the contract, though the plaintiff may have complied with it, can not be pleaded in avoidance of the answer. Indeed, the entire reply relates to matters which may have been transacted before the mortgage was given, and in reference to which it was executed. The reply does not controvert the alleged fact, that the deed was intended to have the effect of a mortgage; nor does it allege matter sufficient to avoid the answer, and the result is, the demurrer was well taken.

*Per Curiam.*—The judgment is affirmed, with costs.

*Asa Iglehart*, for the appellant.

*A. L. Robinson*, for the appellees.