## SMITH *et al.* v. PARKS *et al.*

MORTGAGE—INSTRUCTIONS TO JURY.—*A* and *B*, being the owners of a certain tract of land, subscribed the same to the *D* railroad company. The railroad company subsequently conveyed the land to *E* and *F*, who afterwards conveyed the same, with other lands, by deed in fee, absolute on its face, to *G*, who died leaving the plaintiffs his heirs at law. A witness testified that *E* and *F* had contracted to build the road, and in "order to enable them to raise money and go on with the work *G* had indorsed largely for them, and the lands were conveyed to him to indemnify him as such indorser." Upon the evidence thus adduced the Court charged as follows: "The defendants insist that the conveyance by *E* and *F* to *G*, the ancestor of the plaintiffs, was intended only as a mortgage security, and was for that purpose made, and although absolute on its face, the defendants have a right to show that it was intended only as a mortgage. And if it was given by *E* and *F* to *G*, to secure him against loss, on account of his security for them, it would only amount to a mortgage, and if only a mortgage, the plaintiffs can not recover unless they were purchasers without notice."

*Held*, that the instruction thus given was pertinent to the issue, consistent with the proofs, and therefore properly given.

APPEAL from the *Putnam* Circuit Court.

DAVISON, J.—*Mary Smith, Letitia Sullivan, Marcus Smith,* and *Mary Love,* heirs of *Oliver H. Smith,* deceased, brought an action against *Parmenter Parks, Lucinda Parks* and *Milton Hite,* to recover a tract of land in *Monroe* county. The complaint is in the usual form. At the instance of the plaintiffs there was a change of venue to the *Putnam* Circuit Court, where the issues were tried. There was a verdict for the defendants, upon which the Court, having refused a new trial, rendered judgment, &c.

As appears by the records, the lands in controversy were owned by *Parks* and *Hite,* and by them subscribed to the

*Evansville, Indianapolis and Cleveland Straight Line Railroad Company.*   This subscription was made *August* the 11th, 1853, and was upon the condition that the road should be permanently located on the east side of *White* river, within one mile of the line run between *Indianapolis* and *Spencer.*   On the 12th of *October*, 1853, the board of directors passed a resolution, whereby it was resolved, "that the road be," and was "thereby permanently located on the line previously run from *Indianapolis* down on the east side of *White* river, on the most eligible route to *Evansville*, inclusive."   On *March* the 23d, 1854, *Parks* and wife, and *Hite* and wife, conveyed the land to the railroad company.   On the 10th of *May*, 1855, the board passed another resolution, whereby it was further resolved, "that said railroad is" and was thereby "located permanently from the point of intersection of the line from *Indianapolis*, at *Martinsville*, to *Spencer*, in *Owen* county, by crossing *White* river below *Martinsville* and running on the west side of the river from the crossing to *Spencer*."   On the 23d of *July*, 1856, the railroad company conveyed to *Willard Carpenter* and *John Love*, and on *July* the 26th, 1858, *Carpenter* and *Love*, by deed in fee, absolute on its face, conveyed the same, with other lands, to *Oliver H. Smith*, who died in *March*, 1859, leaving the appellants, who were the plaintiffs, his heirs at law.

*James Green*, a witness, testified *inter alia*, that "*Love* and *Carpenter* had contracted to build the road, and in order to enable them to raise money and go on with the work, *Oliver H. Smith* had indorsed largely for them, and the lands were conveyed to him to indemnify him as such indorser."

Upon the testimony thus adduced the Court charged as follows:   "The defendants insist that the conveyance by *Carpenter* and *Love* to *Oliver H. Smith*, the ancestor of the plaintiffs, was intended only as a mortgage security, and was for that purpose made; and, although absolute on its face, the

defendants have a right to show that it was intended only as a mortgage. And if it was given by *Carpenter* and *Love* to *Smith* to secure him against loss on account of his surety for them, it would only amount to a mortgage, and if only a mortgage, the plaintiffs can not recover unless they were purchasers without notice."

The appellants contend that the charge thus given was erroneous; "that the deed being absolute on its face, and there being no written defeasance, they are entitled to recover, notwithstanding any verbal understanding that the land should be held as an indemnity."

The statute concerning mortgages, sec. 1, says: "Unless a mortgage specially provide that the mortgagee shall have possession of the mortgaged premises, he shall not be entitled to the same." 2 R. S., G. & H., p. 355. Was the conveyance in this case, in effect, a mortgage? If it was the plaintiffs were not entitled to recover in this action. But it is argued that the section, to which we have referred, relates alone to mortgages which are such on their face. We are not inclined to adopt that construction. Anterior to the statute relative to mortgages now in force, it was often decided that deeds for the conveyance of real estate unconditional in their terms might be shown to be intended by the parties as mortgages. *Blair* v. *Bass,* 4 Blackf. 539; *Hayworth* v. *Worthington,* 5 *id.* 361. And the same principle has been recognized in this Court since the adoption of the code. *Wheeler* v. *Rustin,* 19 Ind. 334. The statute uses the term "mortgage," and we are to look to the common law for a definition of that "term." By that law conveyances, though absolute upon their face, if given as security for a debt, are declared to be mortgages. Nor do we perceive anything in the statute in conflict with the position that a deed unconditional in its terms, may be shown to be in effect a mortgage, and as such be subject to the ordinary process of foreclosure,

True, prior to the existing rules of pleading and practice, actions of this sort would have been deemed strictly actions at law, and defendants could not have availed themselves of the defence now set up. But all distinction between actions at law and suits in equity has been abolished; 2 R. S., G. & H., p. 33; and hence there seems to be no reason why the defence in question should not, in this case, be held available. Indeed, there is an express provision of the statute which, in actions for the recovery of real property, authorize every defence that the defendant may have, either legal or equitable, to be given in evidence under the general denial. 2 R. S., G. & H., p. 283; *Vail* v. *Halton,* 14 Ind. 344. The evidence conclusively shows that the deed executed to *Smith,* the ancestor of the plaintiffs, was, in point of law, a mortgage only, and being so it constituted an effective bar to the action, because the defendants had a right as against these plaintiffs to possess the property until, as a mortgage, it was foreclosed. The instruction, therefore, was pertinent to the issue and consistent with the proofs, and was therefore properly given. Other points are made and discussed by the parties; but, as the view we have taken at once shows that the action to recover possession of the land is not maintainable, they will not be noticed.

*Per Curiam.*—The judgment is affirmed, with costs.

*Thos. A. Hendricks, J. E. McDonald, A. L. Roache* and *D. McDonald,* for the appellants.

*Franklin & Hester,* for the appellees.