# SMITH ET UX. *v.* BRAND.

**MORTGAGE.**—*Foreclosure of Absolute Deed Intended as Mortgage.*—*Finding and Judgment.*—A complaint for foreclosure alleged the execution to the plaintiff, by the defendants, of a warranty deed for certain lands, as security for the payment of a debt; that the plaintiff had verbally agreed to

reconvey the lands on payment of the debt; and that the debt was due and unpaid. The court, upon trial, found "that the equity of redemption of the defendants to the lands ⁕ be foreclosed, ⁕ and that the deed ⁕ be absolute," and judgment was rendered for foreclosure, and that the deed " be, and the same is now declared, absolute."

*Held,* that the finding and judgment should have been for the amount due, that the deed was only a mortgage, and for foreclosure and sale.

From the Boone Circuit Court.

*H. C. Wills,* for appellants.

*C. S. Wesner,* for appellee.

Howk, C. J.—In this action the appellee sued the appellants, in a complaint of one paragraph, in which he alleged, in substance, that, on the 29th day of November, 1873, the appellants became indebted to the appellee in the sum of one thousand and eighty-three dollars, which they agreed and promised to pay him on or before the 29th day of November, 1874; that, to secure the payment of the said sum of money, the appellants on said 29th day of November, 1873, by their warranty deed of that date, a copy of which was filed with the complaint, conveyed to the appellee, in fee-simple, the real estate in Boone county, Indiana, particularly described in said complaint; that it was verbally agreed, by and between the said parties to said deed, that, if the appellants should repay to the appellee the said sum of money within the time prescribed, he, the appellee, would reconvey the said real estate to the appellants, or to said Cynthia A. Smith, and that the said sum of money was long past due and wholly unpaid. Wherefore the appellee demanded judgment for fifteen hundred dollars, and for the foreclosure of the appellants' equity of redemption, and for the sale of said real estate as other lands are sold on execution, and for other proper relief.

To this complaint the appellants answered, by a general denial thereof.

The cause was tried by the court, without a jury, " and, after hearing the evidence adduced, the court finds for the

plaintiff, and that the equity of redemption of the defendants, to the lands described in the plaintiff's complaint herein, be foreclosed against said defendants, and that the deed from the defendants to the plaintiff for said lands be absolute." Upon this finding the court rendered judgment, foreclosing and barring the appellants' equity of redemption in the real estate, and that the deed from the appellants to the appellee " be, and the same is now declared, absolute."

The appellants' motion for a new trial was overruled by the court, and to this ruling they excepted, and filed their bill of exceptions.

In this court, the appellants have assigned, as error, the decision of the circuit court in overruling their motion for a new trial. The causes for such new trial, assigned in their motion therefor, were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

The evidence, as agreed to by the parties, is in the record by a proper bill of exceptions. This evidence fully and clearly established the following facts: That, on the 29th day of November, 1873, the appellants borrowed one thousand and eighty-three dollars from the appellee, which sum of money was to be repaid on or before the 29th day of November, 1874; that, to secure the payment of said sum of money, the appellants conveyed to the appellee, by warranty deed, the real estate in Boone county, Indiana, described in appellee's complaint; that, at the time the said deed was executed, it was agreed and understood, by and between the said parties, that, if the appellants repaid to the appellee his money and interest on the same, he should reconvey said real estate to the appellants; and that the appellants had failed to pay the appellee his money and interest, according to the agreement.

Upon the foregoing facts, it is very clear, we think, that

the warranty deed from the appellants to the appellee, though absolute on its face, was, in fact and in law, and was intended to be, only a mortgage to secure the repayment of the sum of money borrowed by the appellants from the appellee; and the rule is, "once a mortgage, always a mortgage." *Wheeler* v. *Ruston,* 19 Ind. 334; *Smith* v. *Parks,* 22 Ind. 59; *Crane* v. *Buchanan,* 29 Ind. 570; and *Graham* v. *Graham,* 55 Ind. 23.

In his complaint in this action, the appellee admitted in express terms, that his warranty deed was merely a mortgage to secure the repayment to him of the sum of money borrowed by the appellants, and he demanded judgment for the money due him, and for the foreclosure of such mortgage, and the sale of the mortgaged property, etc. In its finding, the court below found, at least impliedly, that the deed in question was only a mortgage; for the court found, "that the equity of redemption of the defendants, to the lands described in the plaintiff's complaint herein, be foreclosed against said defendants." It is clear, that, unless the deed to the appellee was a mortgage, the appellants would not have any equity of redemption in the lands conveyed, to be barred and foreclosed.

The error of the circuit court, in its finding in this case, is this: That the court failed to find the amount due the appellee from the appellants, on the loan to the latter by the former, made on the 29th day of November, 1873; that the deed executed by the appellants to the appellee, though absolute on its face, was, in fact and in legal effect, only a mortgage to secure the payment of the amount due on said loan, with interest and costs; that the real estate described in said deed should be sold as other lands are sold on execution, to satisfy the said amount so due as aforesaid, with interest and costs; and that, upon such sale, the equity of redemption of the appellants, and of each of them, in and to the said real estate, should be and ought to be forever barred and foreclosed.

In section 633 of the practice act, it is provided as follows: "In rendering judgment of foreclosure, the court shall order the mortgaged premises, or so much thereof as may be necessary, to be sold to satisfy the mortgage and costs of the action." 2 R. S. 1876, p. 261.

Again, section 379 of the code of practice reads as follows: "In the foreclosure of a mortgage, the sale of the mortgaged property shall in all cases be ordered." 2 R. S. 1876, p. 188.

These statutory provisions, it seems to us, are decisive of the question now under consideration, and clearly lead us to the conclusion, that the finding of the court in this case was not sustained by sufficient evidence, and was contrary to law.

The court erred in overruling the appellants' motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellants' motion for a new trial, and for further proceedings in accordance with this opinion.