No. 7492.

PARKER v. HUBBLE.

REAL ESTATE, ACTION TO RECOVER.—*Absolute Deed as Mortgage.—*
*Grantee of One not Grantee of Mortgagee.—Surrender of Possession.—*
On trial of an action to recover possession of real estate, the court
erred in its conclusion of law against the plaintiff, where the special
finding of facts showed that plaintiff, having a perfect title to land,
conveyed it by deed, absolute in form, to secure one to whom he was
indebted, and who was also indorser for him, and, while absent from
the State, one P. took possession of the land, having no deed therefor
from the grantee, and sold it and gave possession to the defendant,
who erected a dwelling-house and made other improvements on the
land, without the knowledge of the plaintiff, no surrender of possession
by the plaintiff being shown, or inferable, from the facts found.

SAME.—*Deed Treated as Mortgage.—Defendant may not Dispute its Char-*
*acter.*—In such case, the deed was in effect only a mortgage, and the
defendant, not claiming title under any conveyance or purchase from
plaintiff's grantee, can not dispute the character of the instrument.

SAME.—*Mortgagor may Reclaim.—Previous Payment or Discharge of Mort-*
*gage not Necessary.*—A mortgagor by deed, absolute in form, with parol
agreement to reconvey, may reclaim and recover possession of the land
from one not a grantee of the mortgagee, without having paid or dis-
charged the mortgage. *Smith* v. *Parks*, 22 Ind. 59, and *Wheeler* v.
*Ruston*, 19 Ind. 334, distinguished.

SAME.—*Burden of Proof.*—In such case, the burden of proof is on the
defendant to show that the plaintiff parted with his possession to the
mortgagee by an agreement in writing, or by parol, effectually exe-
cuted by actual delivery of possession.

PRACTICE.— *Special Finding.—When Defective.—Venire de Novo.*— The
office of a special finding is to state the facts which have been proved,
and, if only matters of evidence in reference to a material fact are
stated, the finding is defective and may be set aside on motion for a
*venire de novo.*

SAME.—*Right of Possession.—Surrender.*—A special finding which states
the matters of evidence concerning the right of possession of a plaintiff
suing for possession, instead of the fact of his surrender, is defective
and will not sustain a conclusion of law and a judgment against him.

From the Hendricks Circuit Court.

*J. L. McMasters, A. Boice, R. P. Parker* and *P. Rap-*
*paport,* for appellant.

*L. M. Campbell,* for appellee.

WOODS, J.—Upon a special finding of the facts, the court stated a conclusion of law in favor of the appellee, and gave judgment accordingly. Whether the conclusion was correct, is the question to be decided.

The facts, as found, were substantially as follows: The plaintiff, John C. Parker, had acquired a perfect title of record to the land, to recover which he brought the action, and had held possession thereof until January 14th, 1863, when, being about to leave the State and being indebted to the amount of five or six hundred dollars to his father, John L. Parker, who was also endorser upon his obligations for considerable sums, in order to secure his father on account of said indebtedness and endorsements, executed to him a deed of conveyance of the land, absolute in form, which was duly entered of record. It was agreed and stated at the time, that the deed was to secure the debt due to the father, and to save him harmless on account of said endorsements, and that said property was not to be disturbed, unless it became necessary to do so to pay said debts, but was to be reconveyed to the plaintiff on his return. The plaintiff has made no other conveyance of the land, and, soon after the execution of this one, left the State and did not return until February or March, 1869. Shortly after the making of said deed by the appellant, William G. Parker, who was in charge of a part of the business of John L. Parker, the grantee in said deed, took possession of this land, along with other real estate in the same locality, standing in the name of said John L. Parker, and so remained in possession until some time in the year 1868, when he sold the land to the defendant and made him a deed therefor, bearing date November 20th, 1868, since which date the defendant has been in possession. John L. Parker made no conveyance of the land to William G. Parker, and the defendant never received any conveyance therefor, other than the one stated. The defendant has

erected a dwelling-house, and made some other improvements on the land, but he did this in the absence, and without the knowledge, of the appellant. There were no improvements on the land when the defendant went into possession, except a stock-pen and a pair of scales, erected by the appellant before the making of his deed to John L. Parker.

Upon these facts the court found, as matter of law, that the plaintiff was not entitled to recover the land, and to this conclusion the appellant excepted. This ruling certainly can not be upheld on any pretence that the appellant is not shown to be the owner of the land. It is beyond dispute, upon the facts stated, that his deed was, in effect, only a mortgage, and, the defendant not claiming title under any conveyance or purchase from the grantee in that deed, is not in a position to dispute the character of the instrument.

The position on which counsel for the appellee seeks to sustain the decision, as we understand it, is, that the appellant, having executed a deed absolute in form, which imports a right of possession thereunder in the grantee, and having surrendered the possession to the grantee, in connection with the execution of the deed, and as a part of the transaction, can not reclaim the possession on a mere showing that the deed was, in fact, a mortgage, but that he must show, too, that the mortgage debt has been paid, or that the purpose of the instrument, if other than to secure the payment of a debt, has been fulfilled.

It is a statutory provision that, "Unless a mortgage specially provide, that the mortgagee shall have possession of the mortgaged premises, he shall not be entitled to the same." 2 R. S. 1876, p. 333, sec. 1. And the case of *Smith* v. *Parks*, 22 Ind. 59, is cited by counsel for the appellant, wherein this court decided, and the case of *Wheeler* v. *Ruston*, 19 Ind. 334, wherein it recognized the doctrine, that this statute applies to "conveyances, though absolute upon their face,

if given as a security for a debt." The action in each of these cases was for the recovery of the land embraced in the deed (or mortgage), but with this difference from the case in hand: The grantors, or mortgagors, in those cases had retained the possession, and the mortgagees brought suit to obtain the possession under their so-called deeds, and it was held that it was competent to show, in defence, that the plaintiffs' rights were those of mortgagees only, and that, as such, they were not entitled to obtain the possession. The cases decide no more than that a mortgagee, who is not in possession, can not assert a right of possession under a mortgage which does not specially provide therefor, and this though the mortgage be in the form of an absolute deed. The deed, being in fact only a mortgage, neither gives the grantee an actual right of possession, nor carries with it an implied or constructive possession. But, stating it again, the question now made is, whether the mortgagor who has surrendered possession to the mortgagee, under the mortgage, and, presumably, as a part of the consideration of its acceptance by the mortgagee, can reclaim, and by an action recover, the possession without having paid or discharged the mortgage. Before the adoption of the code, in an action of this sort the plaintiff would not have been permitted to show that his deed was a mortgage. The action being an action at law, strictly, he would have been bound by the legal effect of the deed, according to its terms, unless, before suing in ejectment, he had obtained a decree in equity declaring the true nature of the instrument. Equitable principles are applicable to actions under the code, which was designed to simplify the remedies of parties, and to enable them to obtain, in one procedure, what before could have been accomplished only by a resort to two tribunals; but it was not intended to modify the rules of right, and permit the recovery, in the action of the code, of any relief

on terms on which neither law nor equity would before have granted it.

Our conclusion is that the provision of the statute under consideration means simply that, by virtue of the mortgage alone, the mortgagee can not claim possession of the mortgaged premises, unless the instrument specially so provides; but it does not forbid that the parties may agree, either in a separate writing or by parol, that the possession shall accompany the mortgage; and may effectually execute that agreement, by an actual delivery of the possession under the mortgage. A parol agreement to that effect would be within the statute of frauds and not enforceable, but, if made and voluntarily executed by the parties to the extent supposed, there is no rule of law or of equity which requires, or could justify, an interference to restore the possession to the mortgagor, unless the purpose of the mortgage had been fulfilled.

It is insisted, however, that it is not found, nor inferable from the facts which are found, that the appellant surrendered possession of the land in dispute at the time of making said mortgage deed, or that it was a part of the agreement and understanding of the parties that the possession should accompany the conveyance. It must be conceded that the fact is not expressly so found, and while, perhaps, there is enough found to warrant an inference that the possession was so transferred, it can not be said to be a necessary or legal inference. The matters stated in the finding, relevant to this point, are evidence of the fact, but not conclusive.

The office of a special finding is to "state the facts" which have been proved. Civil Code, sec. 341; Code of 1881, sec. 394. And if, instead of doing this, the court states in its finding only matters of evidence in reference to a material fact, the finding is defective and subject to be set aside on a motion for a *venire de novo*. *Kealing* v. *Vansickle*, 74 Ind. 529.

Parker *v.* Hubble.

When a special verdict or special finding is silent in reference to any fact, it is equivalent, as is now well settled, to a finding against the party who has the burden of proof on the subject, that the fact was not proven, or did not exist. *Graham* v. *The State, ex rel.*, 66 Ind. 386 ; *Martin* v. *Cauble*, 72 Ind. 67 ; *Ex parte Walls*, 73 Ind. 95. But where, as in this case, the finding is not silent in reference to a material fact, but, instead of stating the fact itself, states only matters of evidence concerning it, it must be deemed imperfect.

It was manifestly matter of defence, and the burden of proof was on the defendant, to show that the appellant had parted with the possession of his land to his mortgagee at the time when the mortgage was made. Upon the facts which are properly found, the appellant, in the absence of a motion by the appellee for a *venire de novo*, was entitled to a judgment in his favor, and the judgment rendered against him must be reversed. But it would be unjust to order a judgment upon the finding in favor of the appellant without an opportunity given the appellee to move for a new *venire*. The motion is one which may be made at any time before final judgment on the finding.

The judgment is therefore reversed, at the costs of the appellee, and the cause is remanded, with instructions to grant to the appellee a *venire de novo*, if moved for ; but, otherwise, to set aside the conclusion of law as stated, and to enter a conclusion in favor of the plaintiff, and to give judgment accordingly.