## John Parker v. William Hubble.

*Absolute Deed as Mortgage—Possession.*—Where an absolute deed is given, designed to secure the payment of money, and the grantor yields under it the possession to the grantee, he cannot recover the possession again without proving that the money has been paid; and even then his recovery may be defeated by proving a right of possession in a third person, since he must recover on the strength of his own title.

Filed June 24, 1881.

Appeal from Hendricks Circuit Court.

Opinion of the court by Mr. Justice Woods.

Error is assigned upon the overruling of the appellant's demurrer to the fourth paragraph of answer, and upon exceptions to the conclusions of law drawn by the court from the facts found. It is evident however from the finding, that the case was disposed of without reference to said paragraph of answer, and whether it was good or bad is an immaterial question. *Trammel* v. *Chipman,* (this term); *O. & M. R. R. Co.* v. *Collarn,* (this term).

The action was to recover the possession of real estate, the complaint containing the ordinary averments of ownership and right of possession in the plaintiff, and of wrongful possession and detention by the defendant. Answer in general denial. twenty years adverse possession by the defendant and his grantors, that the plaintiff's cause of action did not accrue within twenty years, and a plea of estoppel.

The finding of facts, but slightly abbreviated, may be stated as follows:

On the 14th day of January, 1863, the plaintiff had a perfect title of record and was in the rightful possession of the land in suit, and on that day, being indebted to his father, John L. Parker, in sum of $500 or $600, and his father being indorser for him for a considerable amount, in order to secure the payment of said indebtness and to protect his father against said indorsements he executed to him a deed of conveyance of the land, absolute in form but in fact a mortgage only, which deed was duly entered of record; besides this, the plaintiff has made no conveyance of said land. This deed was made in contemplation of the plaintiff's purpose to

leave the State, and soon after its execution he did leave the State and did not return thereto until February or March, 1869. Shortly after the execution of said deed William G. Parker, who was in charge of a part of the business of John L. Parker, the grantee in said deed, took possession of said real estate along with other real estate in the same locality, standing in the name of said John L. Parker, and so remained in possession until some time in the year 1868, when he sold the land in controversy to the defendant, executing to him a deed of conveyance therefor bearing date November 20, 1868, since which date the defendant has been and still is in the possession of the land. No conveyance of the land was made by John L. Parker to William G. Parker, and the defendant never received any conveyance therefor other than that from said William G. Parker. The defendant has erected a dwelling house and made some other minor improvements on the land, but this was done in the year 1868, before the plaintiff's return to the State and without the plaintiff's knowledge. Before the sale and conveyance of the land by William G. Parker to the defendant, there was no improvements thereon except a stock pen of some kind and a pair of scales erected by the plaintiff before the making of his deed to John L. Parker.

Upon these facts the court found as a matter of law that the plaintiff was not entitled to recover the land, to which conclusion the plaintiff excepted.

This conclusion certainly cannot be upheld on any pretense that the plaintiff is not shown to be the owner of the land. It is beyond dispute that his deed to John L. Parker was in effect only a mortgage, and the defendant not claiming the title under any conveyance from John L., is not in a position to dispute the character of that instrument.

The position on which, as we understand the argument, the conclusion of the court was rested and is sought to be upheld, is, that the appellant having executed a deed absolute in form, which imparts a right of possession thereunder in the grantee, and having surrendered the possession to the grantee, in connection with the execution of the deed and as a part of the transaction, the plaintiff cannot reclaim the possession on a mere showing that the deed was in fact a mortgage; but that he must show too that the mortgage

debt has been paid, or that the purpose of the instrument, if other than to secure the payment of a debt, has been fulfilled.

It is a statutory provision that "unless a mortgage specially provide that the mortgagee shall have possession of the mortgaged premises, he shall not be entitled to the same," 2 Davis Rev. 1876, sec. 333, and the case of *Smith* v. *Parker*, 22 Ind. 59, is cited by counsel for the appellant, wherein this court decided, and the case of *Wheeler* v. *Austin*, 19 Ind. 234, wherein it recognized the doctrine that this statute applies to "land conveyances, though absolute upon their face, if given as a security for a debt." The action in each of those cases was for the recovery of the land embraced in the deed (or mortgage) but with this difference from the case in hand, that the grantors or mortgagors had retained the possession and the mortgagees brought suit to obtain the possession under their so called deeds, and it was held that it was competent to show in defense that the plaintiff's rights were those of a mortgagee only, and that as such he was not entitled to obtain the possession. The cases decide no more than that a mortgagee, who is not in possession, cannot assert a right of possession under a mortgage that does not specifically provide therefor, and this, though the mortgage be in the form of an absolute deed. The deed, being in fact only a mortgage, neither gives the grantee an actual right of possession, nor carries with it an implied, or constructive possession. But, stating it again, the question here is whether the mortgagor who has surrendered possession to the mortgagee under the mortgage, and presumably as a part of the consideration of its acceptance by the mortgagee, can reclaim and by an action recover the possession without having paid or discharged the mortgage. Before the adoption of the code in an action of this sort, the plaintiff would not have been permitted to show that his deed was a mortgage. The action being an action at law strictly, he would have been bound by the legal effect of the deed according to its terms, unless before uing in ejectment he obtained a decree in equity, declaring the true nature of the instrument and his right of redemption.

Equitable principles are applicable to actions under the code, which was designed to simplify the remedies of parties, and to enable one to obtain in one procedure what before could be accomplished only by a resort to two tribunals; but it was not intended

to modify the rules of right, and permit the recovery, in the action of the code, of any relief on terms on which neither law nor equity would before have granted it.

Our conclusion is that the provision of the statute under consideration means simply that by virtue of the mortgage alone, the mortgagee cannot claim possession of the mortgaged premises, unless the instrument specially so provides, but it does not forbid that the parties may agree, either in a separate writing or by parol, that the possession shall accompany the mortgage, and may effectually execute that agreement by an actual delivery of the possession under the mortgage. A parol agreement to that effect would be within the statute of frauds and not enforceable, but if made and voluntarily executed by the parties, there is no rule of law or of equity which requires or can justify an interference to restore the possession to the mortgagor, until the purpose of the mortgage shall have been fulfilled.

Under the facts found, the possession taken by William G. Parker was the possession of John L. Parker, delivered to him by the plaintiff, with and under the mortgage. Whether in selling and conveying to the defendant, said William acted with the consent or authority of John L. Parker, is not expressly found either way. It is found that it was done without any deed from said John, but this does not exclude the inference that his consent was given to the transfer of possession to the defendant. To say the least, the burden of proof was on the plaintiff to show his right to recover the possession, and by the rule applicable to special findings, *ex parte Walls,* (last term), everything relevant to this right, not found in his favor is considered as found against him. If necessary for the purposes of this case, it might be presumed that the price paid by the defendant for the land was applied by William G. Parker, who was doing the business of John L. Parker, with said John's consent, to the payment of the debt of the plaintiff to said John, and to the extinguishment of the liabilities of the plaintiff, on which said John was endorser, and that so the defendant, on the principles of subrogation, became the equitable assignee of the mortgage, and of the mortgagee's right of possession.

It is not necessary, however, that a right of possession in the defendant be shown. The plaintiff must recover in this action on

the strength of his own right; and if, upon the facts found, it appears that the right of possession is in a third person, it is enough to defeat the action. We think it does appear that the possession given by the plaintiff to his father is still rightfully in the father, or his representative, and that therefore the conclusion of the court was right.

The judgment is affirmed with costs.

McMasters & Boice, for appellant.

L. M. Campbell, for appellee.