Hamilton v. Byram et al.

No. 13,600.

HAMILTON v. BYRAM ET AL.

QUIETING TITLE.—Mortgage.—Deed.—General Denial.—What May be Proved
Under.—In an action to quiet title the facts found were that there had
been an assignment by a debtor to his creditor of a written contract to
convey real estate to the debtor; that the assignment of said written
contract by the debtor and the execution of a deed in pursuance thereof
were intended to secure the payment of his indebtedness, evidenced by
promissory notes; that the deed was executed as a mortgage; that the
instrument was recorded in Fountain county March 2d, 1883; that the
defendants in the action to quiet title recovered a judgment in the
Montgomery Circuit Court against the said debtor, and the sheriff of
Fountain county, upon an execution issued to him March 24th, 1884,
sold the real estate to the defendants April 19th, 1884, executing to them
a deed April 20th, 1885, upon which day the defendants took pos-
session.

Held, that the creditor was not entitled to have his title quieted to the
real estate in controversy as against the judgment holders.

Held, also, that under the general denial the defendants had a right to prove
that the conveyance to the creditor was but a mortgage.

SAME.—Execution.—Lien.— Subsequent Deed to Plaintiff.— The execution
from the day levied became a lien upon the real estate to the extent of
the interest held therein at the time by the judgment debtor. A sec-
ond conveyance to the creditor, the plaintiff seeking to quiet title, did
not divest the lien of defendants acquired by the levy of the execution.

PRACTICE.—Special Finding.—Failure to Find Material Facts.— Venire de
Novo.—New Trial.—Where the finding is in proper form, but fails to
state such facts as are necessary to support the conclusions of law, the
remedy is not by a motion for a venire de novo, but by a motion for a new
trial or for a judgment upon the facts stated.

From the Montgomery Circuit Court.

T. F. Davidson and F. M. Dice, for appellant.

W. H. Thompson, for appellees.

BERKSHIRE, J.—The facts in this case, briefly stated, are
as follows:

The appellant brought this action in the Fountain Circuit
Court against the appellees and John L. and Samuel Adams

to quiet his alleged title to certain real estate situated in Fountain county, and afterwards the venue was changed to the Montgomery Circuit Court.

The Adamses filed a disclaimer.

The appellees filed a general denial and a cross-complaint to quiet their alleged title to the real estate.    The appellant answered the cross-complaint with a general denial only.

The cause was submitted to the court for trial and a special finding requested, and after the trial had been concluded the court returned its special finding.

To the conclusions of law as announced by the court in its special finding the appellant excepted.

The appellant then moved for a *venire de novo*, which the court overruled, and he saved an exception.

The court then rendered judgment for the appellees, and thereupon the appellant moved for a new trial, which motion the court overruled, and he reserved an exception.

The appellant next moved for a modification of the judgment, and the court having overruled said motion, he saved an exception.

The errors assigned cover the rulings of the court and the exceptions reserved as above stated.

The facts found by the court, as stated in its special finding, are as follows :

On the 9th day of October, 1879, the legal title to the real estate in question was in the heirs at law of Stephen Jones, deceased, and the equitable title in one John W. Plunkett; on that day the said heirs at law executed to the said Plunkett their written agreement to convey to him the said real estate, together with other real estate situated in Montgomery county.

On the 5th day of November, 1879, the said Plunkett assigned the said written agreement by endorsement to the appellant, and by the terms of said endorsement the said heirs at law of said Jones, deceased, were directed to execute a conveyance for all of said real estate named in their said

agreement to the appellant; that afterwards, and on the 11th day of March, 1881, the said heirs and the said Plunkett joined in a quitclaim deed conveying said real estate to the appellant. At the time of said assignment of said contract and the execution of said deed, the said Plunkett was indebted to the appellant in principal, as evidenced by five promissory notes, in the sum of $2,500.

The assignment of said written contract, and the execution of said deed in pursuance thereof, were intended to secure the payment of the said indebtedness as evidenced by said notes, and said deed was executed as a mortgage to secure the said debts.

The said instrument was recorded in Fountain county on the 2d day of March, 1883.

On the 30th day of April, 1880, the appellees recovered a judgment against the said Plunkett in the Montgomery Circuit Court for the sum of $392.48, together with costs; that, on the 24th day of March, 1884, they caused an execution to be duly issued upon the said judgment to the sheriff of Fountain county, who levied the same upon said real estate, and after advertising as required by law, sold the same on the 19th day of April, 1884, to the appellees, who bid and paid for the same $550, by paying the costs in cash and receipting said execution for the amount due thereon, and the said sheriff executed a certificate of sale for the said real estate to the appellees.

On the 20th day of April, 1885, the said sheriff executed to the appellees a deed to said real estate, and on the 20th day of April, 1885, the same was duly recorded in Fountain county, and on that day the appellees took possession of said real estate.

Upon the facts thus found the court stated as its conclusions of law:

1. That the appellant was not entitled to recover the possession of the said real estate, nor to have the title thereto

quieted in him, and upon the issues joined upon the complaint found for the appellees.

2. And upon the issues joined upon the cross-complaint found for the appellees, that they were entitled to have their title quieted to the said real estate in controversy except as to any sum then due the appellant upon the said mortgage.

Upon the issues joined upon the complaint we are of the opinion that the conclusions of law announced by the court were right. Section 1055, R. S. 1881, reads thus : " The answer of the defendant may contain a denial of each material statement or allegation in the complaint; under which denial, the defendant shall be permitted to give in evidence every defence to the action that he may have, either legal or equitable." As an equitable defence, the appellees had a right to prove that the conveyance to the appellant was but a mortgage. *Parker* v. *Hubble*, 75 Ind. 580; *Smith* v. *Parks*, 22 Ind. 59 ; *Beatty* v. *Brummett*, 94 Ind. 76 ; *Heath* v. *Williams*, 30 Ind. 495 ; *Creighton* v. *Hoppis*, 99 Ind. 369 ; *Cox* v. *Ratcliffe*, 105 Ind. 374.

The court committed no error in overruling the motion for a *venire de novo*. The finding was in proper form, and if it failed to state such facts as were necessary to support the conclusions of law, the remedy was not by a motion for a *venire de novo*, but by motion for a new trial, or for a judgment upon the facts stated. In *Bowen* v. *Swander*, 121 Ind. 164, it is said : " The court did not err in overruling the motion for a *venire de novo*. The special finding was not defective in form, and for no other cause will a writ of that character be awarded." *Louisville, etc., R. W. Co.* v. *Hart*, 119 Ind. 273 (276).

We do not think the court erred in overruling the motion for a new trial. The evidence supports the finding of the court as to the facts stated.

The execution that was issued upon the judgment of the appellees was placed in the hands of the sheriff of Fountain county on the 25th day of March. 1884, and on the next

following day he levied the same upon the real estate in question. From the day on which the execution was levied it became a lien upon the real estate to the extent of the interest held at the time therein by the judgment debtor, Plunkett. Section 689, R. S. 1881.

On the 8th day of April, 1884, Plunkett executed a second conveyance to the appellant for the said real estate, but this conveyance could in no way affect or divest the lien which the appellees had acquired by the levy of their said execution The court having found that the original deed to the appellant was a mortgage, and that the relations of the judgment debtor and the appellant continued to be the same until after the execution in favor of the appellees was levied, the execution of the second conveyance by Plunkett to the appellant could not affect the rights of the appellees. By virtue of the sheriff's sale they acquired whatever right or interest Plunkett held in the real estate at the date of the levy of their execution.

The motion of the appellant to modify the judgment was properly overruled. The court was not bound to find the state of the accounts between the appellant and Plunkett, and could not have adjusted the same under the issues presented, and without having Plunkett in court.

The judgment as ultimately rendered is right upon the issues joined in the main action, and whether correct or not upon the issues joined in the cross-action is wholly immaterial, and we do not, therefore, pass upon the question.

Judgment affirmed, with costs.

Filed Feb. 26, 1890.