WILLIAM BOYER *et al.*

*v.*

ISAIAH BOYER.

89   447
23a  278
23a  279
, 89   447
125  243
125  244
89      447
192  ³ 99

1. INFANTS—*guardian ad litem entitled to notice of taking evidence before master.* When testimony is taken before a master in chancery, as to material facts, upon a reference, without any notice to the guardian *ad litem* of infant defendants, it is not admissible as against the infants, for want of notice.

2. CHANCERY—*basis of finding—presumption.* Where the decree recites that the cause was heard upon the master's report, proofs and exhibits, it will be intended that the findings of the court were based upon the master's report as respects all facts found by the report, and not upon proof independent.

3. STRICT FORECLOSURE. A strict foreclosure of a mortgage should not be decreed, as a general rule, when there are other incumbrances upon the property, or creditors, or purchasers of the equity of redemption. And where the

estate of a deceased mortgagor is insolvent, that fact, as well as the casting of the equity of redemption upon infant heirs, would suggest the usual course—a sale.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. C. R. STARR, Judge, presiding.

Messrs. WALLACE & TERRY, for the plaintiffs in error.

Mr. E. F. BULL, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is a writ of error, brought to reverse a decree of the Livingston circuit court, rendered against plaintiffs in error, as the minor heirs of George W. Boyer, in a suit to foreclose two mortgages given by said George W. Boyer in his lifetime.

A guardian *ad litem* was appointed for the minor heirs, who answered, and the cause was referred to the master in chancery to take proofs. The master afterward filed his report, finding the facts, or the principal facts, upon which the decree purports to be based. The master's report was confirmed, and afterward the cause came on for a final hearing upon the master's report and proofs and exhibits on file, (as recited,) and the court found the facts and made the decree thereon.

It does not appear that there was any notice to the guardian *ad litem* of the taking of the testimony before the master. In *Turner et al.* v. *Jenkins*, 79 Ill. 228, it was held, that where testimony is taken before a master in chancery without any notice to the guardian *ad litem* of infant defendants, it is not admissible as against the infants, for want of notice, and this, though the guardian may have made no objection at the hearing. No other evidence appears in the record than the master's report and the exhibits; and although the recital be, that the cause was heard upon the master's report, proofs and exhibits, we must intend that the findings of the court were based upon the master's report as respects all facts found by

the report, and not upon " proofs," independent.   As the decree is not sustainable without the facts found by the master's report, we must hold, under the decision referred to, that there was error in the admission of, and acting upon the proof taken before the master without notice to the guardian *ad litem.* We would not, however, be understood as holding that this ground of error would have lain, had the master's report merely contained proof of the execution of the mortgage and a computation of the amount of the mortgage debt, but it went further, finding the insufficiency of the security.

The decree found, that the mortgagor, George W. Boyer, had previously died insolvent; that the mortgaged property was not worth the mortgage debt, and decreed, in default of the payment of the same within thirty days thereafter, a strict foreclosure of the equity of redemption, and that the mortgagee should take the mortgaged premises in satisfaction of the mortgage debt.

In *Farrell* v. *Parlier,* 50 Ill. 275, it was said : "In our State, and in view of our statute, it is only in strong cases, which form exceptions, that there should be decreed strict foreclosure, or a sale without redemption.   It may be, in rare cases, when it appears the property is of less value than the debt for which it was mortgaged, and the mortgagor is insolvent, and the mortgagee is willing to take the property in discharge of his debt, that a strict foreclosure may be allowed. But it is not, as a general rule, proper, when there are other incumbrances upon the property, or creditors, or purchasers of the equity of redemption.   The statute allowing redemption in such cases, intends to make the property pay as much of the mortgagor's debts as it is worth."

The insolvency here of the deceased mortgagor's estate assimilates the present case to that where there are other incumbrances upon the property or creditors, there being need of resort to the mortgaged property for the satisfaction of claims against the estate.   The equity of redemption having descended

29—89 Ill.

to infant heirs, is a circumstance in favor of the usual course, of a sale.

In England, where the practice in common cases is that of a strict foreclosure, the courts of equity have departed from that general rule, and decree a sale in certain special cases, among which are those where the mortgagor is dead and there is a deficiency of personal assets, and where the mortgagor dies and the estate descends to an infant. 2 Story's Eq. Jur. sec. 1026, where the authorities are cited.

We are inclined to the view, that under the circumstances of the present case, the usual practice should have been followed, and a sale decreed of the premises, instead of a strict foreclosure.

The decree will be reversed, and the cause remanded.

*Decree reversed.*