### AMERICAN BANKING & TRUST CO. v. LYNCH.

1. Under Comp. Laws, §§ 4338, 4339 providing that every person having an interest in property subject to a lien has a right to redeem at any time before such right is foreclosed, and that a junior lienor may redeem from a superior lien in the same manner as the owner, a junior mortgagee's right to redeem from a sale under a prior mechanic's lien is not foreclosed by an action to enforce the latter in which the mortgagee is not made a party.

2. A junior mortgagee does not loose his right to redeem from a prior mechanic's lien, in the action to foreclose which he was not made a party, because subsequent thereto he obtained a decree for the sale of the premises under his mortgage, without being first required to redeem from the prior lien.

(Opinion filed Jan. 11, 1898.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by the American Banking & Trust Company against J. W. Lynch. From a judgment for plaintiff defendant appeals. Affirmed.

The facts are stated in the opinion.

*E. H. Aplin, T. H. Null,* and *W. A. Lynch,* for appellant.

*A. W. Burtt* and *L. C. Kemp,* for respondent.

HANEY, J.   On August 26 1887, Margaret J. and W. A. Lynch mortgaged to the Maine Mortgage Loan Company, of which the respondent is successor, their dwelling and two lots in Huron, to secure a note of even date for $1,000, due in three years, which mortgage was duly recorded on April 25, 1888. About the 25th day of April, 1888, Hubbard Bros. brought, in Beadle county district court, an action to foreclose a mechanic's lien on the aforesaid dwelling and lots, against Margaret J. and W. A. Lynch, and on November 11, 1890, recovered a judgment against them for $216.35, and directing the sale of the premises to satisfy the judgment.   Execution being issued to carry into effect said judgment, said premises on February 14, 1891, were sold thereunder at public auction, and bid in by Hubbard Bros. for $237.36—the full amount of judgment and costs then due.   The certiffcate of sale issued by the sheriff to Hubbard Bros. became, by due assignment, the property of appellant, J. W. Lynch; and on February 16, 1892, the time of redemption of Margaret J. and W. A. Lynch having expired, and no redemption having been made by them the sheriff issued a sheriff's deed to J. W. Lynch for said property, which deed was duly recorded on same day in Beadle county register of deed's office.   The respondent was not made a party to the Hubbard Bros.' mechanic's lien foreclosure suit.   On February 27, 1891, respondent commenced an action in Beadle county circuit court against Margaret J. and W. A. Lynch to foreclose its mortgage.   To this suit, Hubbard Bros. were made defendants, and, answering to the complaint, set up their mechanic's lien against the mortgaged premises, and charged that said

lien was prior and superior to the lien of respondent's mortgage on said premises.    On March 11, 1892, on findings of fact and conclusions of law rendered by the referee to whom said cause was referred for trial, and whose report; bearing date February 25, was filed in court February 29, 1892, the court rendered a judgment against Margaret J. and W. A. Lynch for $1,311.61, and directing a sale of the mortgaged premises to satisfy said judgment; and by said judgment the mechanic's lien of Hubbard Bros. was declared to be prior and superior to the lien of respondent's mortgage.    By this judgment the lien of the mortgage under which respondent claims title to the property in question is made subsequent to the Hubbard Bros.' mechanic's lien, through which the appellant claims title to said property.    On August 31, 1892, the mortgaged premises were sold under this judgment, and purchased by respondent for the amount of said judgment, and a certificate of sale was duly issued to it by the sheriff conducting the sale.    No redemption having been made, the sheriff on September 15, 1893, executed a sheriff's deed to respondent for said property.    The present action was commenced for the purpose of ascertaining the amount required to redeem from the sale under the mechanic's lien, and of redeeming from such sale, and to extinguish all the rights of defendant to the premises under and by virtue of such sale.    Plaintiff was granted the relief demanded, and defendant appealed.

Every person having an interest in property subject to a lien, has a right to redeem it from the lien at any time after the claim is due, and before his right of redemption is foreclosed. Comp. Laws, § 4338.    One who has a lien inferior to another upon the same property has a right to redeem the property in the same manner as its owner might, from the superior lien. Id. § 4339.    Hubbard Bros.' mechanic's lien was superior to the lien of plaintiff's mortgage.    It could be enforced only by an equitable action.    Id. § 5481; Lumber Co. v. Keefe, 6 Dak. 160, 41 N. W. 743.    The statute gives a junior lienholder the

same right to redeem that it does the owner. The right of the owner of the realty in this case to redeem was foreclosed by the action brought by Hubbard Bros. to enforce their mechanic's lien. Such right could have been foreclosed in no other manner. Plaintiff's right to redeem was not foreclosed by that action, because it was not a party to it. Its right to redeem has has never been foreclosed. The statute expressly declares that every person having an interest in property subject to a lien may redeem at any time after the claim is due, and before his right of redemption is foreclosed. The right of redemption here mentioned is not alone the owner's right, but that of any person having an interest in the property. Plaintiff not having been made a party to the action to enforce the mechanic's lien, of which fact he had record notice, the purchaser under the sale in that proceeding purchased the property subject to plaintiff's right of redemption. But appellant contends that plaintiff ceased to be a lienholder, by reason of the foreclosure of its mortgage and purchase of the premises. He also contends that the mortgagor's entire interest in the property was transferred to the purchaser in the proceeding to enforce the mechanic's lien, and that the mortgagee took nothing by the sale under its foreclosure proceeding, and therefore has no interest whatever in the premises. This argument proves too much. If, as has been held, plaintiff could not foreclose its mortgage until after redemption, then the proceeding had no effect whatever, and the right of the parties to this action should be determined as if the mortgage foreclosure had not taken place. Rose v. James (Ill. Sup.) 36 N. E. 555. However this may be, the purchaser at the sale under the mechanic's lien proceeding cannot be placed in any better position by the mortgage foreclosure than he was before. As to him, plaintiff's right to redeem has never been foreclosed; and, until it has been, plaintiff remains in the position of a person having an interest in the premises, —that is, an unforeclosed right of redemption. Doubtless, as to the mortgagors, the plaintiff's lien was extinguished by the

sale under the mortgage foreclosure proceeding (Comp. Laws, § 4343); but, as between the junior and senior lienholders, the former's right of redemption remained, because it had not been foreclosed.

Due attention has been given the assignments of error relating to the introduction of evidence. Finding no reversible error, the judgment of the circuit court is affirmed.

Rehearing ordered, March 16, 1898.