AMERICAN BANKING CO. V. LYNCH.

Where plaintiff in an action to redeem from a sale under a senior mortgage obtained a judgment, which was affirmed on appeal, and again on

rehearing, with costs, and defendant made no objection to the action of the trial court taxing the costs against him, a motion in the supreme court to retax costs will be denied, since the defendant, if dissatisfied as to the costs below, should have made timely objection in the trial court; and, having taken his chances on securing a reversal on appeal, and failed, there is no reason why the costs incurred thereby should not be taxed against him.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

On motion to retax costs. Denied.

*W. A. Lynch* and *T. H. Null* for appellant.

*A. W. Burtt* and *L. C. Kemp*, for respondent.

HANEY, J.   This action was commenced by a mortgagee to ascertain the amount required to redeem from a sale under a senior lien, to redeem from such sale, and to extinguish all the rights of the defendant to the mortgaged premises under and by virtue of such sale. Plaintiff was granted the relief demanded, and defendant appealed. The judgment below was affirmed. Trust Co. v. Lynch, 10 S. D. 410, 73 N. W. 908. A rehearing having been granted, (12 S.D. 204, 80 N.W. 1134,) this court adhered to its former decision, and affirmed the judgment of the circuit court, with costs and disbursements in this court. Thereupon defendant moved to modify the judgment of this court in so far as it directs the clerk to tax costs and disbursements in favor of respondent, upon the following grounds: (1) The plaintiff was guilty of negligence in not making redemption of the property involved at the time or before its action to foreclose its mortgage, and at the time when the right to redeem was beyond dispute, and in waiting until

the defendant had acquired title to the property, and until it had merged its own lien into a title, thereby making it a question of doubt as to its right to redeem, and putting defendant to the costs of defending his title. (2) That the grounds of action, namely, the action to foreclose and the action to redeem, should have been joined, and tried in one action; and the plaintiff, having failed to join said rights, and try both in one action, is not entitled to recover costs in the action to redeem. (3) This action is one to redeem property from a prior title, and is purely an equitable action, the right to redeem at all being one of grave doubt, and the rule in such cases being that a court of equity will not impose the burden of costs on the defendant when the right to redeem is one of fair contention.

Assuming, without deciding, that it would have been proper for the circuit court to have allowed defendant his costs and disbursements, although plaintiff was permitted to redeem, an entirely different question is presented by the motion under consideration. Defendant has made no objection to the action of the lower court regarding costs. Can he object to costs and disbursements being taxed against him in this court? We think not. If he was dissatisfied with the decision of the circuit court in this respect, he should have made timely objection. This he failed to do, and attempted to have such decision reversed on the ground that plaintiff was not entitled to redeem. The judgment of the circuit court was presumptively correct. Where a defendant, not content with the result of a trial in a case of this character, fails to secure any modification of such result upon appeal, why should he stand in any different position than appellants in other cases? Where one seeks to reverse the judgment of a court of general jurisdiction, we

think he ought not to escape the consequences of failure in one case more than another.    The statute is in harmony with this view.    Costs of appeal are in the discretion of the court when a new trial is ordered, and when a judgment is affirmed in part and reversed in part.    Comp. Laws, § 5193.    It is doubtful if this court has any discretion, as to costs, in any other cases; but, if it has, we discover no reason for exercising such discretion in favor of this defendant which might not be invoked with equal force in behalf of any defendant who fails to obtain a new trial or partial reversal.    Defendant's motion is denied.