HOUTS v. HOYNE.

1. Comp. Laws, §§ 4834-4847, relating to the "time of commencing actions for the recovery of real property," apply to actions at law only, where the principal object of the action is to recover possession, and not to equitable actions, the distinction between which and those at law still exists, though the forms of actions are abolished.

2. Comp. Laws, §§ 4834-4847, relating to "the time of commencing actions for the recovery of real property," do not refer to or include in any of their provisions actions in equity for an accounting and for leave to redeem; but Section 4856 of the succeeding article, relating to the "time of commencing actions other than for the recovery of real property," provides that "an action for relief not hereinbefore provided for must be commenced within ten years after the cause of action shall have accrued." *Held*, that an action for an accounting, under a mortgage and to redeem, was governed by the latter section.

(Opinion filed December 31, 1900.)

Appeal from circuit court, Turner county. HON. E. G. SMITH, Judge.

Action for an accounting by W. A. Houts against Nels M. Hoyne. From a judgment for defendant, plaintiff appeals. Affirmed.

*W. E. Gantt,* for Appellant.

*French & Orvis,* for Respondent.

CORSON, J.  This is an action for an accounting to ascertain the amount due on a certain mortgage upon real property in Turner county, of which property plaintiff claims to be the owner, and of which defendant was in possession, claiming title under a mortgage foreclosure sale.  Plaintiff also asks leave to redeem, and upon payment of the amount found due to be restored to the possession of the said property.  Plaintiff's action was instituted and is prosecuted upon the theory that the foreclosure proceedings were not legal, and the sale thereunder void.  Defendant, among other things, pleads the statute of limitations, and, if this is valid, it will be unnecessary to examine the other defenses, as this will dispose of the case. The mortgage in question was executed by one James D. Hornbeck, bearing date September 5, 1879, to one Ira Davenport.  Davenport, on the 22d day of July, 1882, commenced proceedings by advertisement to foreclose said mortgage, purchased said property at the sale, and on December 20, 1883, the sheriff executed and delivered to him a sheriff's deed to said premises.  The plaintiff claims title under said Hornbeck, the original owner and mortgagor of the premises.  The defendant was in possession of the premises at the time of the commencement of this action, July 22, 1897, claiming title under said Davenport, mortgagee, and purchaser at said foreclosure sale. The plaintiff in the fourth paragraph of his complaint, alleges that on or about the 1st day of September, 1882, the said Davenport unlawfully entered into possession of said premises, and remained in possession thereof until on or about the 4th day of April, 1892, when he assigned all his right, title, and interest in and to said premises to the defendant Nels M. Hoyne, who, on or about said date, took possession of the same, and ever since has remained in possession of said premises.  The court, in its ninth finding of fact, finds that said Davenport, claiming to act under and by virtue of said fore-

closure proceedings, and under the deed executed therein, on or about the 20th day of September, 1883, went into possession of said premises, claiming to be the owner and holder of the same by virtue of said foreclosure proceedings and under the deed aforesaid, and remained in possession thereof until the 4th day of April, 1892, on which date said Davenport duly conveyed said premises by deed, and delivered the possession thereof to the defendant, Hoyne, who ever since said date has been, and is now, in possession thereof, claiming the same by virtue of the foreclosure proceedings aforesaid. It will thus be observed that more than ten years elapsed after the mortgage became due and the foreclosure of the same before the commencement of this action, and also more than ten years elapsed between the time Davenport entered into possession and the commencement of this acton. It is contended on the part of the appellant that under the statute of limitations contained in the Code of Civil Procedure of this state the action was not barred until twenty years had elapsed, but he has failed to call our attention to any section of the statute providing for a twenty-years' bar which, by a fair construction, would include this case. He insists that the action is, in effect, to recover possession of the property, and therefore comes within the provisions of Chapter 6, Art. 2, being §§ 4834-4847 of the Compiled Laws; and he also insists that the distinctions between law and equity no longer exist in this state. But, in our opinion, the provisions of that article apply to actions at law only where the principal object of the action is to recover possession of the property, and not to equitable actions; and we are of the opinion that, though the forms of actions are abolished, the distinction between law and equity still exists. The title of Article 2 is, "Time of Commencing Actions for the Recovery of Real Property," but actions in equity brought for the purpose of an accounting and for leave to redeem

the property are not referred to or included in any of its provisions. In Article 3, entitled "Time of Commencing Actions Other than for the Recovery of Real Property," being Sections 4848-4857 of the Compiled Laws, is the following provision : "An action for relief not hereinbefore provided for must be commenced within ten years after the cause of action shall have accrued." Section 4856, Comp. Laws. It is insisted on the part of the respondent that the case at bar comes within and is governed by the provisions of this section. In this view we are inclined to agree with the respondent. It is the only section which would seem to include the case at bar, which is an action for relief not provided for in any of the preceding sections of the chapter. Articles 2 and 3 of the Compiled Laws, embracing the sections before referred to, are copies of Chapters 2 and 3, being Sections 75-98, inclusive, of the Code of Civil Precedure of New York, in force in 1872. In Hubbell v. Sibley, 50 N. Y. 468, the court of appeals of New York had these various sections of that code under consideration. The action in that case, as in this, was brought for an accounting, and for leave to redeem, and for possession of the premises, and it was claimed that the foreclosure proceedings in that case were invalid. The court, upon full review of the sections of the New York Code bearing upon the limitation of actions, arrived at the conclusion that the action came within the ten-years limitation under Section 97 of their code, which is the same as Section 4856 of our Compiled Laws. It was there contended, as in the case at bar, that, as all distinctions between the forms of actions are abolished, the distinction between actions at law and suits in equity is abolished, That court, after discussing the various provisions of their Code and the sections of the Revised Statutes in force prior to the Code, used the following language: "But it is insisted that, conceding this to be so under the Re-

vised Statutes, it is so no longer, for the reason that the distinction between actions at law and suits in equity then existing has been abolished. Code, § 69. It is true that all distinctions in the forms of actions have been abolished, but all the remedies administered by both courts have been preserved; and, where language is used in a statute showing that the design was to include one class of remedies only, its construction must be confined to that class. Sections 78 and 79 of the Code must be held to embrace actions only where the only remedy sought was formerly obtained in legal actions." In discussing the contention of appellants in that case that the action was for a recovery of real property, the court used the following language: "It is further insisted by the counsel for the appellants that this should be held to be an action for the recovery of real property, for the reason that the plaintiffs might, before its commencement, have tendered the amount due, and thereby discharged the lien, and then commenced an action for the mere recovery of the possession of the land. It is a sufficient answer to this that this is not such an action, but an action for an accounting, and the recovery of the possession upon payment of what shall be found due. This is a pure equitable remedy, and such as was given by courts of equity only, while such courts had a separate existence. By giving this answer it is not intended to concede that such tender might have been made by the plaintiff with the effect claimed by the counsel. That is a question not involved in the case, and it is not necessary to examine it. * * * The relief sought in this action does not come within any of the other provisions fixing the time within which the action must be commenced. Hence it must come within Section 97. That limits the time to ten years. The defendant had been in possession for more than nineteen years before the commencement of the action, claiming to be the absolute owner, having purchased at a foreclosure sale

under the statute, which he claimed to have been in all respect regular and valid. Under these facts the cause of action occrued at the time of entry, and the statute then commenced running; and, as more than ten years have elapsed, the action is barred by the statute." In Miner v. Beekman, 50 N. Y. 337, that court took the same view of the provisions of their Code. See, also Knowlton v. Walker, 13 Wis. 264, and Waldo v. Rice, 14 Wis. 286. While we are not able to say that the provisions of our Code of Civil Procedure relating to the limitation of actions were taken from the state of New York and adopted by this state after the foregoing decisions were made, still the ruling of the New York court upon the questions presented is entitled to very great consideration. It is quite apparent from the evidence in this case that Davenport, upon the foreclosure sale and deed to him, took and held possession of the property under his purchase at said sale, and not as mortgagee. His possession, therefore, and that of his grantee, the defendant herein, were adverse to the claim of the mortgagor and his grantee, and did not have the effect to continue in force the mortgage lien. We are of the opinion, therefore, that the plaintiff's action was barred by the statute. These views lead to the conclusion that the learned circuit court ruled correctly in holding that the plaintiff was not entitled to recovery, and in dismissing the action. The judgment of the court below is affirmed.