as was said by the supreme court of Missouri, this fact, of itself, was not sufficient to show that the injury was the result of this failure. In other words, it must be shown that the damage was the result of such negligence. The judgment of the court below is reversed, and a new trial granted.

---

## HOUTS *et al. v.* OLSON.

Comp. Laws, § 4856, relative to the time of commencing actions other than for the recovery of real estate, declares that "an action for relief not hereinbefore provided for" must be commenced within ten years after the cause of action shall have accrued. *Held*, that an action for an accounting under a mortgage and to redeem from foreclosure was governed by such section.

(Opinion filed May 4, 1901.)

Appeal from circuit court, Turner county. HON. E. G. SMITH, Judge.

Suit by W. A. Houts and others against Christ Olson to redeem certain lands from a mortgage thereon, and for an accounting of rents and profits, suit being commenced more than 10 years after foreclosure sale, and more than ten years before the commencement of continued possession of the premises on the part of the purchaser at mortgage sale, and defendant claiming under him. From a decree in favor of defendant, complainants appeal. Affirmed.

*W. E. Gantt,* for appellants.

*French & Orvis,* for respondent.

HANEY, J. This action not having been commenced within ten years after the cause accrued, it is, for the reasons given in Houts

v. Hoyne, 14 S. D.—, 84 N. W. 773, barred under Section 4856, Comp. Laws, and the judgment of the circuit court is affirmed.

---

## LARSON v. DUTIEL, et al.

Defendant purchased land by paying $440 in cash, and giving a mortgage for $1,060. He borrowed the money from T., to whom he was also indebted for about $600, and executed a second mortgage to T., to secure the entire debt. Defendant afterwards made default, and T. paid the taxes on the land, as well as a portion of the deferred purchase price, and the land was finally conveyed by defendant to T. to prevent a foreclosure; the latter assuming the balance due on the first mortgage, and canceling defendant's notes, without returning them. T. and the agent transacting all the business testified that it was understood that the conveyance was absolute, and defendant testified that he understood that it satisfied the notes. The land was worth much less than the debts asumed and released by T. The defendant was allowed to continue in possesion under agreement to pay the taxes, and T. repeatedly offered to allow him to redeem on the payment of the amount paid by the latter. *Held* sufficient to sustain a finding that the deed was intended as an absolute conveyance, and not as a mortgage.

(Opinion filed May 4, 1901.)

Appeal from circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action by Peter Larson against Peter A. Dutiel and another to recover real estate. From a judgment in favor of the plaintiff, the defendants appeal. Affirmed.

The facts are stated in the opinion.

*Davis, Lyon & Gates,* for appellants.

If the relation of debtor and creditor in any given case existed in the beginning and the debt still subsists as to the consideration of