CROUCH V. DAKOTA, W. & M. R. R. CO. *et al.*  (READ,
Intervener.)

1. Where the allegations of prejudice in an affidavit filed to disqualify a
   judge were hearsay and on information and belief, and were conclu-
   sively rebutted by positive affidavits produced by the opposite party,
   the denial of the application for a change of judge was proper.

2. The refusal of a continuance rests in the sound discretion of the trial
   court, which ruling will not be reversed on appeal except for the most
   cogent reasons.

3. Where the evidence in a proceeding before the court was largely docu-
   mentary, consisting of registered instruments and court records, and
   the attorney most familiar with the documents required to present the
   issues was present at the trial, and there was little, if any, dispute con-
   cerning the material facts, defendants were not prejudiced by the
   court's denial of a continuance for the absence of one of their attorneys
   during the taking of testimony.

4. Where an abstract on appeal contained a copy of a petition for removal
   of the cause to the federal court, and a statement that the cause was re-
   moved, and by the circuit court of the United States remanded to the
   circuit court of the state for trial, it will be presumed that the action
   was properly remanded to the state court.

5. Under Rev. Code Civ. Proc. § 227, providing that a receiver may be ap-
   pointed by the court in which an action is pending, or by a judge there-
   of, in all cases where receivers have heretofore been appointed by the
   usages of courts of equity, where plaintiffs in a suit to foreclose certain
   railroad liens had an interest in and a lien on the property, and the
   trial court found that a receiver was necessary to preserve the property,
   and that the sum allowed for the receiver's services was reasonable,
   such findings are conclusive on appeal from a decree confirming a sale
   of the road.

6. Where a railroad's right to redeem from a sale on foreclosure of certain
   lines had become barred, the holders of other outstanding liens, who
   had not been made parties to the first proceeding, were not entitled to

another sale of the property, but were only entitled to a decree allowing them a reasonable time to redeem.

7. Where the legal title to a railroad had been acquired by the holders of certain liens thereon, they were entitled to maintain a bill of strict foreclosure to cut off the equity and right of junior incumbrancers to redeem.

8. Under Rev. Code Civ. Proc. §§ 698, 706, creating a railroad contractor's lien. and providing that the same shall attach to "the right of way" and "all land upon which the same may be situated," to "the extent of all of the right, title, and interest owned therein by the owner thereof," the purchaser on foreclosure of such a lien acquired whatever right the corporation had to occupy and use the premises in question for railroad purposes, and hence it was proper for the decree to include "the right of way" and "all franchises and privileges incident to its ownership and the ownship of the property."

9. Rev. Code Civ. Proc. § 374, provides that if the court, on the return of any execution for the satisfaction of which any real property or interest therein has been sold, shall, after examining the proceedings, be satisfied that the sale has in all respects been in conformity with the statute, the sale shall be confirmed. Held, that on an application to confirm an execution sale under such section the court is concluded by the report of sale, and if this is regular, the sale must be confirmed.

10. Since, on an application to confirm an execution sale, no inquiry can be made as to facts outside of the report, the order of confirmation is. not conclusive against the owner of the property sold as to any question of fact or proposition of law involved therein.

11. Where plaintiffs had acquired whatever right of way a railroad corporation possessed by a sale on execution, objections to the confirmation of the sale by junior lienholders, based on the theory that the corporation at the time of the sale had no rights in the property, were untenable.

12. An objection that a decree for the sale of railroad property in the hands of a receiver provided that the sale should be conducted by the sheriff, and not by the receiver, should be made by an attack on the decree, and not on the order confirming the sale.

(Opinion filed December 7, 1904.)

Appeal from circuit court, Pennington county; Hon. LEVI McGEE, Judge.

Action by Charles D. Crouch and another as trustees, etc., against the Dakota, Wyoming & Missouri River Railroad Company and others, in which Frederick P. Read intervened. From a judgment in favor of plaintiffs, defendant corporation and defendants Muhlke and Coad appeal. Affirmed.

*William T. Coad* and *W. H. Parker*, for appellants.

Where a statute provides for a special judge, in case the regular judge cannot properly preside, "for any reason," the quoted words are not to be confined to instances of interest, kinship, or relations in counsel, but apply to cases of prejudice or any other proper reason. Barnes v. McMullin, 78 Mo. 266; Turner v. Com., 2 Met. (Ky.) 628; In re Peyton, 12 Kan. 407.

The judge acting in such case is not simply acting irregularly but he is acting without jurisdiction. Cooley, Const. Lim. (5 Ed.) 510; First National Bank v. McGuire, 12 S. D. 234.

Whenever on the whole record a construction of the United States Constitution, statute or treaty is directly involved, suit may be removed. State v. Bowen and Rich, N. S. 382; Cohens v. Virginia, 19 U. S. 263; Mayor v. Cooper, 73 U. S. 851.

Civil actions can only be commenced within the periods prescribed in this code, after the cause of action shall have accrued, except where in special cases, a different limitation is prescribed by statute. But the objection that the action was not commenced within the time limited, can only be taken by answer. Sec. 37 Code Civil Procedure; Hurley v. Cox, 2 N. W. R. 705.

A right of lien exists solely in the debt and cannot survive. Limthicum v. Tap Scott, 28 Ark. 267; Cooper v. Cooper, 54

Ga. 198; Ilett v. Collins, 103 Ill. 74; Avent v. McCorcle, 45 Miss. 221; Borst v. Corey, 15 N. Y. 505, 510; Yearly v. Long, 40 Ohio 27; Hale v. Baker, 60 Tex. 217; Fullerton v. Spring, 3 Wis. 667.

To entitle a judgment creditor to an order appointing a receiver of his debtor's property, it must be made to appear that the creditor has in good faith exhausted his remedies at law; and to that end it must appear, unless special circumstances are shown to excuse it, that execution has been issued upon the judgment to the sheriff of defendant's residence and been returned unsatisfied in whole or in part. Minkler v. United States Sheep Co., 62 N. W. 594.

*Charles W. Brown* and *Schrader & Lewis*, for respondents.

Every party whose interest in the subject matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order appealed from, is an adverse and necessary party within the meaning of the statute, whether he be a plaintiff, a defendant, or an intervener, and whether he answered or defaulted. §§ 440, 441 Rev. Code Civ. Pr.; §§ 938, 949 Cal. Code Civ. Pr.; Senter v. De Bernal, 38 Cal. 637; Sutton v. Cons. Apex Min. Co., 12 S. D. 576; Bowering v. Adams, 59 Pac. 134; Herriman v. Menzies, 44 Pac. 660; Harper v. Hildreth, 33 Pac. 1103; Miller v. Richards, 23 Pac. 936; Milliken v. Houghton, 17 Pac. 641; Butte County v. Boydstun, 8 Pac. 835; O'Kane v. Daley, 63 Cal. 317; Thompson v. Ellsworth, 1 Barb. Ch. 627; Cotes v. Carroll, 28 How. Pr. 436; First Nat. Bank v. Gordon H'ware Co., 72 Pac. 464; Wax v. Northern Pac. Ry. Co., 75 Pac. 380; Hayes v. Union Mercantile Co., 70 Pac. 975; G. I. & W. C. R. Co. v. Sweeney (C. C. A.), 103 Fed. 342.

Upon a motion for an order confirming an execution sale of real property, the sale cannot be attacked or set aside for defects or errors in the judgment, but only for errors or irregularities in the proceedings of the sheriff or other officer making the sale.   Kirby v. Ramsey, 9 S. D. 197;  Warren v. Stinson, 70 N. W. 279; Koehler v. Ball, 2 Kans. 160; Challiss v. Wise, 2 Kans. 188; White-Crow v. White-Wing, 3 Kans. 270; Rice v. Poynter, 15 Kans. 263; Briggs v. Tye, 16 Kans. 285; New Eng. Mortgage Security Co. v. Smith, 25 Kans. 622; Buckingham v. Granville Alexandria Society, 2 Ohio 360; Beatrice Paper Co. v. Beloit, etc., 65 N. W. 1059; State Nat. Bank v. Scofield, 9 Neb. 499; Stratton v. Reisdorph, 35 Neb. 314; Trust Co. v. Hamer, 40 Neb. 281; 2 Freeman on Executions, § 311.

HANEY, J.   As indicated by the prayer of the complaint, this action was instituted to confirm plaintiff's title to certain railroad property, determine adverse claims thereto, have a receiver appointed, a sale ordered, and disposition of the funds arising from such sale decreed.   The cause was tried without a jury.   A decision favorable to the plaintiffs was rendered, and certain of the defendants appealed from the judgment alone.   As the sufficiency of the evidence to sustain the findings of fact which correspond with the allegations of the complaint cannot be challenged on this appeal, the only questions demanding consideration are alleged errors in law occurring at the trial, and whether the findings support the decree.

These facts, among others, are established by the decision: From March 1, 1891, to June 6, 1895, the defendant the Dakota, Wyoming & Missouri River Railroad Company was the owner of a certain right of way, roadbed and railroad grade 34 miles

in length, extending from Rapid City to Mystic, in Pennington county, which was acquired and constructed by such company, a corporation created by and existing under the laws of this state. On November 16, 1892, judgments were entered in the circuit court establishing and foreclosing certain mechanics' liens in favor of the defendants Gercken, Broughton, and Loomis. Subsequently Gercken, Broughton, and Loomis assigned their judgments to John F. Schrader and Chas. F. Lewis, who were substituted as parties in the mechanics' lien cases. Executions having been issued in these lien cases, the property of the railroad company was sold, and purchased by Schrader and Lewis, to whom certificates of sale were duly issued on October 18, 1902. Such sale having been duly confirmed, the certificates so issued were, before the commencement of this action, assigned to plaintiffs herein. On July 18, 1893, an action was commenced by Woods & Moore to establish and foreclose another mechanic's lien against the road, which resulted in a judgment in their favor, upon which an execution issued, and under which the property was sold May 25, 1895. Prior to this sale Woods & Moore had assigned an undivided three-fifths interest in their judgment to William Cox, as trustee, and an undivided two-fifths interest therein to M. H. Rowley, as receiver of the Black Hills National Bank. At the sale on May 25, 1895, the property was purchased by Cox, as trustee, to whom a certificate of sale was duly issued. On June 15, 1896, Cox, as trustee, assigned an undivided two-fifths interest in this certificate to Thomas E. McKinney, as receiver of the aforesaid bank. On the same day McKinney assigned the same interest to Elizabeth J. Schrader and Helen Lewis. The sale having been confirmed, and no redemption effected, a sheriff's deed was is-

18 S. D.—35

sued to Cox, as trustee, conveying an undivided three-fifths interest in the property, and another sheriff's deed was issued to Elizabeth Schrader and Helen Lewis, conveying an undivided two-fifths interest. Thereafter, and before this action was commenced, Cox, as trustee, Elizabeth Schrader, and Helen Lewis by good and sufficient deeds conveyed the property to George F. Schrader, trustee, the original plaintiff in this action, to whose rights the present plaintiffs succeeded since the action was begun. So when this cause was tried the plaintiffs were, by reason of the conveyances from Cox, Elizabeth Schrader, and Helen Lewis, the owners of all the property, and were, by virtue of the assignment of the sheriff's certificate of sale under the Gercken, Broughton, and Loomis liens, the holders of a lien upon all the property, the interest acquired by the deed and the interest acquired by the assignment not having been merged. Numerous other creditors, who are parties to this action, filed liens upon or judgments against the road, none of which, however, is superior to the liens under which its property was sold as heretofore stated. Certain first mortgage bonds were issued by the railroad company, but all rights derived therefrom are found to be inferior and subsequent to the liens under which the road was sold. Certain of these first mortgage bonds are owned by the appellants Muhlke and Coad. It is ordered and adjudged by the decree that the liens acquired by the plaintiffs and the rights and titles based thereon are good and valid, and prior and superior to the liens or claims of the appellants, Muhlke and Coad; that by virtue of the judgment establishing and foreclosing the Woods & Moore lien, and by virtue of the sale made thereunder, and the sheriff's deed issued pursuant thereto, and the several

conveyances to the plaintiffs from their predecessors in interest, the plaintiffs now are the owners of all the premises and property described in the complaint, subject only to the sheriff's certificate of sale issued pursuant to the judgment establishing and foreclosing the Gercken, Broughton, and Loomis liens, and to rights of redemption on the part of certain answering defendants, among whom are the appellants, Muhlke and Coad; that by virtue of the certificate of sale assigned to and held by the plaintiffs, issued pursuant to the judgments establishing and foreclosing the Gercken, Broughton, and Loomis liens, the plaintiffs, upon the expiration of the one year of redemption in such judgments mentioned, to-wit, on October 19, 1903, and upon the issuance to them of the usual sheriff's deed in such cases, will become the sole and absolute owners of all the premises and property described in the complaint, unless the same shall in the meantime be sold under this decree, or be in the meantime redeemed by certain answering defendants, among whom are the appellants Muhlke and Coad; that the franchises of the defendant the Dakota, Wyoming & Missouri River Railroad Company and all the property described in the decree be sold in a lump, and as an entirety, without partition or division, and without right or equity of redemption, except as provided in the decree, at public auction, upon the like notice and in the manner provided by law for the sale of real property upon execution; to satisfy the amounts found and adjudged to be due to the plaintiffs for principal, interest, receiver's fees, and compensation, and the costs and disbursements of this action; that the answering defendants in this action, among whom are the appellants, Muhlke and Coad, "or either

of them (but no other parties to this action), may redeem from said sale at any time on or before the 19th day of October, 1903, by paying to the plaintiff or his attorneys the amount so found and adjudged to be due to the plaintiff as aforesaid, together with the said fees and compensation of said receiver, and the said costs and disbursements of this action, and not otherwise''; "that in the event that a sale of all the said franchises, premises, and property described in said decision and hereinafter described, absolute and free of any right or equity of redemption, shall not be made or consummated on or before October 19, 1903, and in the further event that no redemption shall on or before that date have been made by any of the answering defendants having a lien or claim upon said premises and property as hereinbefore in this judgment found and provided, then and in that case the said plaintiff, on and after the 20th day of October, 1903, shall become and be adjudged to be the absolute owner of all and singular the said franchise-, premises, and property described in the complaint and hereinafter described, divested and free and clear of all liens, claims, rights, title, and interest claimed or asserted by the defendants, or either of them, or those claiming under them; and that in the event that the said franchises, premises, and property herein described shall, on or before the 19th day of October, 1903, be redeemed by the defendants in this action, or either of them, and that no redemption shall have been made from them, as provided by law and by this judgment, then and in that case such defendant redemptioner, on and after the 20th day of October, 1903, shall become and be adjudged to be the absolute owner of all the said franchises, premises, and property hereinafter described." The following is a description of the

property directed to be sold: "That certain continuous right of way, roadbed and railroad grade, beginning at a point on the west side of the corporate limits of the city of Rapid City in said Pennington county, and thence running in a westerly direction, following the main valley of Rapid creek to the junction of Rapid and Castle creeks in said county; and thence in a westerly direction up said Castle creek to Mystic in said Pennington county, where it connects with the Grand Island & Wyoming Central Railroad, together with all erections, excavations, embankments, bridges, cuts, fills, ditches and tunnels upon said right of way, or appurtenant thereto and all the lands upon which the same are situated, and all the hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and all the right, title and interest at any time owned therein by said the Dakota, Wyoming & Missouri River Railroad Company; said right of way, roadbed and railroad grade being about thiry-four miles in length, and all situate in said Pennington county, and the same extending from said Rapid City to said Mystic as aforesaid; and the said right of way being two hundred feet wide, and having been acquired, and said roadbed and railroad grade constructed and intended to be used for railroad purposes, and all the said premises and property and appurtenances constituting one property, constructed and acquired, and at all times prior to the 6th day of June, 1895, owned by said the Dakota, Wyoming & Missouri River Railroad Company, which caused the said railroad grade, roadbed and improvements to be erected and constructed; and all the franchises of said the Dakota, Wyoming & Missouri River Railroad Company." This decree was rendered August 6th, and written notice thereof given the appellants September 1, 1903.

It is contended that the court erred in denying appellant Coad's application to have this cause "placed on the special or disqualified calendar" for trial before some judge other than the judge of the Seventh Circuit.   Such application was based on the following affidavit: "William T. Coad, one of the defendants in the above entitled action, being sworn, says: First.  That the main issue to be tried in the above named action is as to whether certain alleged mechanics' liens are prior and superior to the mortgage and bonds issued thereunder by said railroad company.   That he is the owner, and was at the time of the commencement of this action, of the par value of said bonds of said railroad company in the sum of $5,000.   Second. On information and belief, affiant states that the Hon. LEVI McGEE, circuit judge, has repeatedly stated that in his opinion and judgment said liens are prior and superior to the said bonds, and affiant is informed and believes that said circuit judge has repeatedly made said statement in law offices and other public places in Rapid City, Pennington county, South Dakota.   On information and belief affiant further says that the said LEVI McGEE, some two or three years ago, was interested with one William H. Tompkins, and various parties living at Sioux Falls, South Dakota, in negotiating for and to secure and control the same mechanics' liens that are now held by the plaintiff in this action.   That by reason of such negotiations affiant believes that said LEVI McGEE showed that he was of the opinion that said liens were prior and superior to the bonds owned by affiant, and, further, that said LEVI McGEE at that time and now is interested in this action.   Affiant further says, upon information and belief, that the said LEVI McGEE was in consultation at various times with the attorneys

for the plaintiff prior to and at the time of the commencement
of this action, and discussed and counseled as to the issues and
expressed his opinion as to the outcome and final termination
of this cause.    Affiant further says that he has been repeated-
ly advised by prominent citizens of Rapid City that the said
LEVI MCGEE is prejudiced and biased against affiant's inter-
est in this matter.    Affiant further says that he therefore has
reason to believe and does believe that he cannot have a fair
and impartial trial before the said circuit court, if the said Hon.
LEVI MCGEE is the presiding judge, by reason of his prejudice
and bias against the interests of this deponent. " It will be ob-
served that every allegation in the affidavit concerning the
interest or prejudice of the judge of the Seventh circuit is
stated on information and belief—is merely hearsay.    More-
over, such allegations were conclusively rebutted by positive
affidavits produced and read by the plaintiffs.    No interest or
prejudice having been shown to exist, the demand for a change
of judges was properly denied, and it is not necessary to decide
whether such a demand may be predicated upon prejudice
alone.

An application for a continuance over the term, supported
alone by the following affidavit, was refused:    "William T.
Coad, being first duly sworn, deposes and says:    That William
H. Parker, of Deadwood, South Dakota, is the attorney for the
Dakota, Wyoming & Missouri River Railroad Company, Joseph
H. Muhlke, and this affiant; that said Parker is now engaged
in the trial of an important case before Judge RICE, at Dead-
wood, and expects to be so engaged for several days more; that
it is impossible for said Parker to be in Rapid City at the pres-
ent term of court, to participate in the trial of the above named

action; that while affiant is also attorney for said parties, he is the main witness for said defendants; that affiant cannot, with justice to the interests of said defendant, act as attorney and also as a witness in the absence of the said Parker, during a trial of said case. Affiant further says that each and every attorney residing at Rapid City, in the active and actual practice of his profession, and learned in the law, is engaged either on the side of the plaintiff or for some defendant in this case whose interests are adverse to the interests of the defendant represented by said Parker and this affiant. Affiant further says that his case was noticed for trial only at a recent date, to-wit, on or about the 10th day of May, A. D. 1903. Affiant further states that the present court, now sitting, is an adjourned term of March, 1903. Wherefore the defendants Joseph H. Muhlke and William T. Coad ask that this action be continued until the next term of court." It is the settled law in this state that the granting or refusing of a continuance rests in the sound discretion of the court below, and that its ruling in relation thereto will not be reversed except for the most cogent reasons. Hood v. Fay, 15 S. D. 84, 87 N. W. 528. There was certainly no abuse of discretion in this instance. The evidence demanded by the nature of the controversy was largely, if not wholly, in writing. It consisted in most part of registered instruments and court records. There was small room for dispute concerning material facts. Presumptively none existed, as appellants made no motion for a new trial. Only issues of law were involved, and the attorney most familiar with the documents required to present such issues was present. Under such circumstances how could the appellants be prejudiced by the mere absence of one of their attorneys

during the taking of testimony in an action tried without a jury? The inquiry answers itself.

The contention that the court below was without jurisdiction because the action had been removed to the United States Court is not supported by the record. Appellants' abstract contains a copy of the petition for removal and this statement: "Said cause was therefore removed to the circuit court of the United States by order of Hon. LEVI MCGEE, and by the circuit court of the United States remanded to the circuit court of the Seventh Judicial Circuit of the state of South Dakota for trial." Upon this state of facts it must be presumed that the action was properly remanded to the state court.

Attention is called by appellants' brief to certain statutory provisions and legal propositions relating to the limitations of actions, but their application to the facts found in this case is nowhere pointed out. Every presumption prevails in favor of the correctness of the conclusions reached by the trial court. It is not the duty of this court to seek for errors. None being apparent in this connection, the subject requires no further consideration.

Plaintiffs attempt to assail the orders appointing a receiver and allowing him $500 for his services. Assuming that such orders may be reviewed on an appeal from the judgment alone, the action of the circuit court in relation thereto cannot be disturbed. A receiver may be appointed by the court in which an action is pending, or by the judge thereof, in all cases where receivers have heretofore been appointed by the usages of courts of equity. Rev. Code Civ. Proc. § 227. The principal grounds upon which courts of equity grant their extraordinary aid by the appointment of receivers pendente lite are

that the person seeking the relief has shown at least a probable interest in the property, and that there is danger of its being lost unless a receiver is allowed, the element of danger being an important consideration. High on Receivers, § 11. In the case at bar plaintiffs had an interest in and a lien upon the property. The court below found that a receiver was necessary to preserve the property and prevent waste, and that the sum allowed as compensation for his services was reasonable. These facts, for the purposes of this appeal, are conclusive, and this court is bound to assume that the appointment was proper, and the compensation not excessive.

It is contended that appellants' rights of redemption are ignored by the decree. The contention is not tenable. If the railroad company had any such right, it was lost by failure to redeem from the sale under the Woods & Moore lien. If appellants Muhlke and Coad were parties to the action wherein such lien was foreclosed, and failed to redeem in one year after the sale thereunder they, too, are precluded from objecting to the form of the decree in this respect. If, however, as we understand the record, they were not parties to either action in which the liens under which the plaintiffs claim title were foreclosed, they had, as against the plaintiffs, when the present action was begun, at most nothing more than an unforeclosed right of redemption (American Banking & Trust Co. v. Lynch, 10 S. D. 410, 73 N. W. 908), and the only question is whether such right was properly protected by allowing them until October 19, 1903, to redeem as provided by the decree. Another sale of the property as to them was unnecessary. Even in states where a mortgage merely creates a lien and does not convey the legal title, as in this state, the remedy by

strict foreclosure may be resorted to under special and peculiar circumstances. Lockhard v. Hendrickson, 25 Atl. 512; Jefferson v. Coleman, 110 Ind. 515, 11 N. E. 465. In the latter case the court says: "A strict foreclosure proceeds upon the theory that the mortgagee or purchaser has acquired the legal title and obtained possession of the mortgaged estate, but that the right and equity of redemption of some judgment creditor, junior mortgagee, or other person similarly situate, has not been cut off or barred. In such a case the legal title of the mortgagor having been acquired, the remedy by strict foreclosure is appropriate to cut off the equity and right of junior incumbrancers to redeem. Catterlin v. Armstrong, 101 Ind. 258, 267; Bolles v. Duff, 43 N. Y. 469; Shaw v. Heisey, 48 Iowa 468; Farrell v. Parlier, 50 Ill. 274; Boyer v. Boyer, 89 Ill. 447; Shirk v. Andrews, 92 Ind. 509; American Ins. Co. v. Gibson, 104 Ind. 336, 3 N. E. 892; 2 Jones, Mort. § 1540; Pomeroy, Eq. § 1227; Smith v. Brand, 64 Ind. 427. Such persons have a mere lien upon, or an equity in, the land, which is subordinate to the right of the owner of the legal title. A statutory foreclosure in such a case would be manifestly inappropriate. The owner of the legal title may with propriety maintain a proceeding in the nature of a strict foreclosure to bar the interests of persons who have a mere lien upon, or right of redemption in, the land. Bresnahan v. Bresnahan, 46 Wis. 385, 1 N. W. 39." Viewed in any light, appellants, Muhlke and Coad, are in no better position than was the junior lien holder in the American Banking & Trust Co. v. Lynch, supra. When the present action was begun, the plaintiffs owned the property, subject only to such appellants' unforeclosed right of redemption. Had the latter instituted an action for the pur-

pose of redeeming, as did the American Banking & Trust Company, they could have been given no greater relief than a reasonable opportunity to pay off the amount of plaintiffs' prior incumbrance, and this was given them by the judgment from which the present appeal was taken.

. Appellants further contend that the description of the property adjudged to be owned by the plaintiffs and directed to be resold should not include "the right of way" and "all franchises" of the appellant corporation. Whatever may be the common law rule concerning sales of corporate franchises on execution, we are aware of no reason why such sales may not be sanctioned by legislation as they certainly have been in this state. Liens, such as those through which plaintiffs derived title, attach to the "right of way" and "all land upon which the same may be situated," to "the extent of all the right, title, and interest owned therein by the owner thereof." Rev. Code Civ. Pro. §§ 698, 706. Therefore by the enforcement of such liens plaintiffs acquired whatever right the corporation had to occupy and use the premises in question for railroad purposes, and it was entirely proper for the decree to embrace the right of way and all franchises or privileges incident to its ownership and incident to ownership of the entire property. Assuming that the decree will be properly construed, no reason exists for modifying its phraseology.

. Proceedings under this judgment not having been stayed, an execution was issued and the property sold, as therein directed. Subsequently the same defendants who appealed from the judgment took a separate appeal from the order confirming the sale on execution. On the second appeal it is claimed that the court erred in confirming the sale (1) because

from the end of the eight miles completed to Mystic the right of way was acquired under the laws of the United States, and, the railroad not having been completed within the time prescribed by law, the right of way could not be legally sold under execution; (2) because it was shown that G. F. Schrader had no interest in the action when the sale took place; (3) because it appeared from the sheriff's return that he had sold the property described without the right of redemption for one year; (4) because a sale made by the sheriff when the property is in the hands of a receiver is void; and (5) because it appears that the sheriff sold the franchises of the railroad company, together with its real property, under a judgment rendered on a mechanic's lien.   On an application to confirm an execution sale under section 374, Rev. Code Civ. Proc., the court cannot look beyond the report of sale; and if such report, on its face, shows that the proceedings were regular, it is the duty of the court to confirm the sale.   The application is ex parte, and nothing is before the court thereon except the report.   No inquiry is to be made as to facts outside of the report.   The order of confirmation settles no question of fact or proposition of law as against the owner of the property sold.   Kirby v. Ramsey, 9 S. D. 197, 68 N W. 328; Baxter v. O'Leary, 10 S. D. 150, 72 N. W. 91, 66 Am. St. Rep. 702; Warren v. Stinson, 70 N. W. 279.   As appellants' abstract discloses no irregularity on the part of the officer making the sale, nor any departure from the directions of the decree, if the section of the statute mentioned is applicable, all of appellants' objections are clearly groundless.   And, conceding such section to be inapplicable, no valid reasons are assigned for reversing the order of confirmation. As has been shown, the plaintiffs, by the enforcement of their

liens, acquired whatever right of way the corporation possessed. If it possessed none, none passed to the plaintiffs; and in either event nothing remained for the appellants. The objection that G. F. Schrader, who was the original plaintiff, had no interest in the action when the sale took place, is unavailing, if for no other reason, because the fact upon which it is predicated is not established by the record. The subject of redemption has been already discussed. The decree directed that the sale should be by the sheriff. If erroneous in that respect, the judgment itself should have been attacked. Moreover, as heretofore stated, the sale was unnecessary as to the appellants, the appellant railroad company having no interest in the property whatever, and the other appellants only a right to redeem which was not affected by the sale. Nothing further need be said on the subject of franchises.

The judgment and order appealed from are affirmed.