LESLIE, Respondent, v. SMITH, Superintendent of Banks, et al, Appellants.

(234 N. W. 669.)

(File No. 6832. Opinion filed January 30, 1931.)

*Perry F. Loucks,* of Watertown, and *T. B. Thorson,* of Pierre, for Appellants.

*McFarland & Kremer,* of Watertown, for Respondent.

MISER, C. The State Bank & Trust Company of Watertown, of which appellant Smith, superintendent of banks, took charge for the purpose of liquidation, owns a second mortgage of $10,000 on land in Codington county, which mortgage is expressly subject to a first mortgage. One Bass, the owner of the first mortgage, on default in its payment, brought a foreclosure action. Through inadvertence the State Bank & Trust Company, holder of the second mortgage, was not made a party. Bass bid in the property at foreclosure sale held on June 2, 1925. A sheriff's deed was issued to Bass after the year of redemption had expired, after which Bass transferred the property to respondent. Respondent then began this action to require defendant Smith and the examiner in charge of the bank, who was also named as defendant, to exercise, within a reasonable time, any right of redemption which the bank might have by virtue of its second mortgage, and also asked that, on failure to so exercise any such right of redemption, the defendants be foreclosed and barred of any right under their second mortgage.

Defendants demurred to this complaint on the ground that it did not state facts sufficient to state a cause of action. By order dated January 3, 1928, the circuit court overruled the demurrer and allowed defendants twenty days within which to answer. The order provided that, in case no answer was served, plaintiff might apply to the court for judgment. No answer having been served and proof having been submitted, the trial court found the facts as alleged in plaintiff's complaint and as heretofore stated. The trial court found that the amount which plaintiff was entitled to receive by way of redemption was the sum of $55,520.93, and that a reasonable time within which defendants should exercise their right of redemption was forty days from the date of the findings or on or before March 5, 1928. Judgment was thereupon entered, wherein it was decreed that, upon proof that no redemption had been made by defendants by the payment of said sum on or before March 5, 1928, plaintiff should have a final and supplemental decree forever barring defendants from any interest or right of redemption in the premises.

Before Bass commenced the action to foreclose the first mortgage, she had started foreclosure of that mortgage by advertisement, the sale to be held on May 31, 1924. On that day one Schroyer obtained an injunction against the foreclosure by adver-

tisement and required the foreclosure to be by action. The defendants herein had notice of the pendency of the foreclosure proceeding by advertisement, of the subsequent foreclosure proceeding by action, of the issuance of the sheriff's deed since its recording, of the order overruling their demurrer to the plaintiff's complaint in the present action since the date of such order, of the findings and judgment on default of answer, notice of which judgment was served on defendants' attorneys on January 24, 1928. On March 6, 1928, on proof that no payment or redemption had been made by the defendants, the court made and entered a final and supplemental decree wherein it decreed that defendants are forever foreclosed and barred of any rights in the premises. In this appeal appellant questions the sufficiency of the pleadings to warrant the entry of judgment and the right of the trial court to limit the time to redeem to a period of forty days.

In support of their contention that the rights of junior lienholders to redeem cannot be so limited, appellants rely on the opinion in Froelich v. Swafford et al., 33 S. D. 142, 144 N. W. 925, 930. Therein this court said: "We are constrained, therefore, to hold that sections 2034, 2035, of our Civil Code [these are now sections 1539 and 1540, Rev. Code 1919], so far as the same relate to the period of redemption, are applicable only in cases where the junior lienholder is made party to foreclosure of the senior lien, and that, where the junior lienholder is not made party to such proceedings, the right of redemption remains until barred by the 10-year statute of limitations. This court so held in Houts v. Hoyne, 14 S. D. 176, 84 N. W. 773; Houts v. Bartle, 14 S. D. 322, 85 N. W. 591; Walters v. Bernard, 14 S. D. 221, 85 N. W. 1135; Houts v. Olson, 14 S. D. 475, 85 N. W. 1015; Am. Banking & Trust Co. v. Lynch, 10 S. D. 410, 73 N. W. 908; Id., 12 S. D. 204, 80 N. W. 1134—which decisions were followed in Nash v. N. W. Land Co., 15 N. D. 566, 108 N. W. 792."

In Froelich v. Swafford, supra, Froelich began the action to foreclose his mortgage, and to redeem from the prior mortgage, claiming the right to redeem as a junior mortgagee, and he also demanded an accounting for rents and profits accrued after the first mortgagee had obtained title to the land by foreclosure, and asked that such rents and profits be offset against the amount due on the first mortgage. In the case at bar, appellants are not asking

to foreclose their second mortgage, nor are they asking to redeem from the first mortgage, and, while they claim that the trial court should have determined the amounts of the rents and profits of the land and deducted them from the amount due on the first mortgage, they have in no pleading alleged that there were rents and profits nor asked for such an account. There is nothing in the case at bar to indicate that appellants either desire to redeem or have the means wherewith to do so. Therefore the fact situation in this case is far from being identical with the fact situation in the Froelich Case, with reference to which the above-quoted language was used.

In Crouch v. Dak., W. & M. R. R. Co. et al., 18 S. D. 540, 101 N. W. 722, 726, this court dealt with a fact situation more like that of the case at bar. We quote the language of Gardner, Circuit Judge, in Brace v. Gauger-Korsmo Const. Co (C. C. A.) 36 F. (2d) 661, 665, to describe it: "In Crouch v. Dak., W. & M. R. R. Co., supra, the action was instituted to confirm plaintiff's title to certain railroad property and to determine adverse claims thereto. Plaintiff's title was based upon the foreclosure of certain liens. In the original suit holders of other outstanding liens had not been made parties, and the court held that they were not entitled to another sale of the property but were only entitled to a decree allowing them a reasonable time in which to redeem. The trial court entered a decree of strict foreclosure."

In the Crouch Case, speaking of junior lienholders, this court said: "If, * * * they were not parties to either action in which the liens under which plaintiffs claim title were foreclosed, they had, as against the plaintiffs, when the present action was begun, at most nothing more than an unforeclosed right of redemption (American Banking & Trust Co. v. Lynch, 10 S. D. 410, 73 N. W. 908), and the only question is whether such right was properly protected by allowing them until October 19, 1903, to redeem as provided by the decree. Another sale of the property as to them was unnecessary. Even in states where a mortgage merely creates a lien and does not convey the legal title, as in this state, the remedy by strict foreclosure may be resorted to under special and peculiar circumstances. Lockhard v. Hendrickson [N. J. Ch.] 25 A. 512; Jefferson v. Coleman, 110 Ind. 515, 11 N. E. 465. In the latter case the court says: 'A strict foreclosure proceeds upon the theory that

the mortgagee or purchaser has acquired the legal title and obtained possession of the mortgaged estate, but that the right and equity of redemption of some judgment creditor, junior mortgagee, or other person similarly situate has not been cut off or barred. In such a case the legal title of the mortgagor having been acquired, the remedy by strict foreclosure is appropriate to cut off the equity and right of junior incumbrancers to redeem. [Citing authorities.] Such persons have a mere lien upon, or an equity in, the land, which is subordinate to the right of the owner of the legal title. A statutory foreclosure in such a case would be manifestly inappropriate. The owner of the legal title may with propriety maintain a proceeding in the nature of a strict foreclosure to bar the interests of persons who have a mere lien upon, or right of redemption in, the land. Bresnahan v. Bresnahan, 46 Wis. 385, 1 N. W. 39.' Viewed in any light, appellants, Muhlke and Coad, are in no better position than was the junior lienholder in the American Banking & Trust Co. v. Lynch, supra [10 S. D. 410, 73 N. W. 908]. When the present action was begun, the plaintiffs owned the property, subject only to such appellants' unforeclosed right of redemption. Had the latter instituted an action for the purpose of redeeming, as did the American Banking & Trust Company, they could have been given no greater relief than a reasonable opportunity to pay off the amount of plaintiffs' prior incumbrance; and this was given them by the judgment from which the present appeal was taken."

 It therefore appears that respondent, Leslie, had ample authority for maintaining an action in strict foreclosure against appellants as junior lienholders. Nor does the opinion in Froehlich v. Swafford, supra, conflict therewith, that opinion being based on the different fact situation there existing. In addition to the cases cited in Crouch v. Dak., etc., R. Co., supra, see Koerner v. Willamette Iron Works, 36 Or. 90, 58 P. 863, 78 Am. St. Rep. 759; Jones on Mortgages (8th Ed.) § 1962; 42 C. J. 24. The Crouch Case is also authority for holding that appellants' right of redemption may be limited to less than a year. In that case the junior lienholders were given until October 19, 1903, in which to redeem. The exact date of the decree is not disclosed by that opinion but the opinion does disclose that it was after May 10, 1903. So far as appears from the record in the case at bar, the only effect of extending the period of redemption for more than forty days

would have been to have correspondingly extended the period of uncertainty in respondents' title without any benefit whatever to appellants. The judgment and order appealed from must be, and they are, affirmed.

POLLEY, P. J., and CAMPBELL, BURCH, and BROWN, JJ., concur.

ROBERTS, J., not sitting.